L STEVEN R. PLOTKIN, Judge.
The defendant’s appeal is based on four assignments of error. The first is whether the evidence presented at trial was insufficient to support the conviction. The next issue is whether the defendant received ineffective assistance of counsel. Another issue is whether the trial court erred in finding the defendant to be a fourth felony offender. The final issue is whether the sentence imposed was excessive. For the reasons that follow, we affirm the decision of the trial court.
PROCEDURAL HISTORY
Michael George was charged by bill of information with two counts of simple burglary. La. R.S. 14:62. He pled not guilty. A six member jury found him guilty as charged as to count one and not guilty as to count two. The State filed a multiple bill to which the defendant pled not guilty. The trial court denied a motion for new trial. The trial court found the defendant to be a fourth offender and sentenced him to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The defendant filed a motion for reconsideration of sentence which was denied.
STATEMENT OF FACTS
Sergeant Jeffery Vapie testified that on December 18, 1997, at about 11:00 p.m., he was leaving the scene of an unrelated investigation when he heard a | ^burglar alarm go off at a grocery story. Vapie and two other officers stopped and exited their cars. Vapie saw the defendant exiting the *443 rear of the Kwik Stop & Save convenience store through a window. Vapie ordered the defendant to stop. The defendant dropped some items, climbed out of the window, got on the roof of a building and ran along the roof to a rear shed. The officers were able to catch the defendant. A red gym bag, a VCR and other items were recovered from the ground where the defendant had dropped the things he had been carrying. Inside the bag were a screwdriver and a cigar box containing $99.65 in coins. The officers also recovered a crowbar that was still attached to the window where the defendant had exited.
Guong Tran, the owner of Kwik Stop & Save, said she had not given the defendant permission to enter the store. She said that a VCR and money were missing from the store. She also stated that a television set and a door had been broken. Tran said this incident was the second time that someone had broken into store.
Sergeant Michael Fejka stated that he was walking his dog at the time of the crime. He saw the defendant in the back of the police car, and identified him as the same man he had seen burglarize the store the previous June. During the incident in June, Sergeant Fejka had struggled with the defendant, but the defendant had escaped.[1]
ERRORS PATENT
A review of the record shows no errors patent.
| oASSIGNMENT OF ERROR 1
The defendant contends that the evidence was insufficient to support the conviction. When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987). In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. La. R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentia-ry guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra.
Simple burglary is the unauthorized entering of any structure with the intent to commit a felony or any theft therein. La. R.S. 14:62. Specific intent may be inferred from circumstances and the defendant’s actions. State v. Smith, 9A-2588 (La.App. 4 Cir. 3/27/96), 672 So.2d 1034. Credibility determinations are within the discretion of the trier of fact and will not be disturbed unless clearly contrary to the evidence. State v. Ves sell, 450 So.2d 938, 943 (La.1984).
|4In the instant case the defendant was seen by the police exiting a store *444 through a window that had been broken, carrying items taken from the store. The defendant fled upon seeing the uniformed officer but was quickly apprehended. The evidence was sufficient to support the conviction.
ASSIGNMENT OF ERROR 2
In this assignment of error, the defendant argues that his counsel at trial was ineffective. As noted in State v. Brauner, 99-1954, p. 16 (La.App. 4 Cir. 2/21/01), 782 So.2d 52, 63:
Generally, the issue of ineffective assistance of counsel is a matter more properly raised in an application for post-conviction relief to be filed in the trial court where an evidentiary hearing can be held. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Sparrow, 612 So.2d 191 (La.App. 4 Cir.1992). Only when the record contains the necessary evidence to evaluate the merits of the claim can it be addressed on appeal. State v. Seiss, 428 So.2d 444 (La.1983); State v. Kelly, 92-2446 (La. App.4Cir.7/8/94), 639 So.2d 888, writ denied 94-2087 (La.1/6/95), 648 So.2d 921. The present record is sufficient to evaluate the merits of defendant’s claim.
Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant must show that his counsel’s performance was deficient and that deficient performance prejudiced him. With regard to counsel’s performance, the defendant must show that counsel made errors so serious that counsel was not functioning as “counsel” guaranteed by the Sixth Amendment. As to prejudice, the defendant must show that counsel’s errors were so serious as to deprive the defendant of a fair trial, i.e. a trial whose result is reliable. Id., 466 U.S. at 687, 104 S.Ct. 2064. Both showings must be made before it can be found that the defendant’s conviction resulted from a breakdown in the adversarial process that rendered the trial result unreliable. Id. A claim of ineffective assistance may be disposed of on the finding that either of the Strickland criteria has not been met. State v. James, 555 So.2d 519 (LaApp. 4th Cir. 1989), writ denied 559 So.2d 1374 (La. 1990). If the claim fails to establish either prong, the reviewing court need not address the other. Murray v. Mag-gio, 736 F.2d 279 (5th Cir.1984).
If an error falls within the ambit of trial strategy, it does not establish ineffective assistance of counsel. State v. Bienemy, 483 So.2d 1105 (La.App. 4 Cir.1986). 1 ¡¡Moreover, hindsight is not the proper perspective for judging the competence of counsel’s decisions because opinions may differ as to the advisability of a tactic; and, an attorney’s level of representation may not be determined by whether a particular strategy is successful. State v. Brooks, 505 So.2d 714 (La.1987).
Here, the defendant argues counsel was ineffective for not presenting medical evidence that he was physically unable to run and jump and thus could not have fled. However, the defendant was seen by the police leaving a store through a window. He was immediately caught. Evidence of his guilt was overwhelming. Nothing suggests trial counsel erred or that the defendant was prejudiced. Thus, this assignment is without merit.
ASSIGNMENT OF ERROR 3
In this assignment, the defendant argues that the State did not present sufficient evidence to show that he was advised of his Boykin rights with respect to one of the prior convictions used in the multiple bill. The conviction at issue was his 1986 guilty plea to possession of PCP and being a felon in possession of a firearm, case *445 # 315-628 “J”. The defendant argues the PCP conviction is critical because it was used as the crime of violence required under the statute. Counsel did not object, but the defendant raises ineffective assistance of counsel for failure to object.
At the multiple bill hearing, the State introduced a copy of the docket master, the minute entry of the guilty plea and a waiver of rights form signed by the defendant, his counsel, and the trial judge. The Louisiana Supreme Court in State v. Shelton, 621 So.2d 769 (La.1993), reviewed the jurisprudence concerning the burden of proof in habitual offender proceedings and found it proper to assign a burden of proof to a defendant who contests the validity of his guilty plea. In State v. Winfrey, 97-427 (La.App. 5 Cir 10/28/97), 703 So.2d 63, 80, the Fifth Circuit Court of Appeal addressed the procedure for determining the burden of proof in a multiple offender heating:
If the defendant denies the multiple offender allegations then the burden is on the State to prove (1) the existence of a prior guilty plea, and (2) that defendant was represented by counsel when the plea was taken. Once the State proves those two things, the burden then shifts to the defendant to produce affirmative evidence showing (1) an infringement of his rights, or (2) a procedural irregularity in the taking of the plea. Only if the defendant meets that burden of proof does the burden shift back to the State to prove the constitutionality of the guilty plea. In doing so, the State must produce either a “perfect” transcript of the Boykin colloquy between the defendant and the judge or any combination of (1) a guilty plea form, (2) a minute entry, or (3) an “imperfect” transcript. If anything less than a “perfect” transcript is presented, the trial court must weigh the evidence submitted by the defendant and the State to determine whether the State met its burden of proof that defendant’s prior guilty plea was informed and voluntary.
In the instant case, the guilty plea/waiver of rights form in case # 315-628 “J” is initialed by the defendant on the line listing the sentencing range and signed after a list of the Boykin rights as well as after the statement declaring the judge addressed him personally as to “all of these matters.” The document is also signed by the defense attorney and the judge. The State also introduced the docket master and the minute entry, both showing that the defendant was represented by counsel. The State bore its burden of showing that the defendant was advised of his rights. The defense put forth no evidence to show a procedural irregularity. Therefore, there is no merit to this claim.
ASSIGNMENT OF ERROR 4
The defendant argues that the mandatory sentence was excessive. Although a sentence is within the statutory limits, the sentence may still violate a defendant’sjjconstitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless and needless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Lobato, 603 So.2d 739 (La.1992); State v. Telsee, 425 So.2d 1251 (La.1983).
The minimum sentences imposed on multiple offenders by the Habitual Offender Law are presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672. The defendant bears the burden of rebutting the presumption that the mandatory minimum sentence is constitutional. State v. Short, *446 96-2780 (La.App. 4 Cir. 11/18/98), 725 So.2d 23. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it that would rebut the presumption of constitutionality. State v. Johnson, 97-1906 at p. 7, 709 So.2d at 676.
This Court thoroughly discussed the imposition of a life sentence on a drug user in State v. Carter, 99-0779, p. 20 (La.App. 4 Cir. 11/15/00), 773 So.2d 268, 281-282:
Even though a sentence under the Habitual Offender Law is the minimum provided by that statute, the sentence may still be unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, or is nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 677; State v. Dorthey, 623 So.2d 1276, 1280-81 (La.1993). However, the entire Habitual Offender Law has been held constitutional, and thus, the minimum sentences it imposes upon habitual offenders are also presumed to be constitutional. Johnson, 97-1906 at pp. 5-6, 709 So.2d at 675; see also State v. Young, 94-1636, p. 5 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 527, writ denied, 95-3010 (La.3/22/96), 669 So.2d 1223. There must be substantial evidence to rebut the presumption of constitutionality. State v. Francis, 96-2389, p. 7 (La.App. 4 Cir. R4/15/98), 715 So.2d 457, 461, writ denied, 98-2360 (La.2/5/99), 737 So.2d 741. A defendant must clearly and convincingly show that the mandatory minimum sentence under the Habitual Offender Law is unconstitutionally excessive. Johnson, 97-1906 at p. 11, 709 So.2d at 678. “[D]e-partures downward from the minimum sentence under the Habitual Offender Law should occur only in rare situations.” Johnson, 97-1906 at p. 9, 709 So.2d at 677.
Courts have the power to declare a sentence excessive under Article I, Section 20 of the Louisiana Constitution even though it falls within the statutory limits provided by the Legislature. State v. Lindsey, 99-3256 (La.10/17/00), 770 So.2d 339. In Lindsey, the Supreme Court specifically held:
... .To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:
[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the *9 culpability of the offender, the gravity of the offense, and the circumstances of the case.
Id. [Citations omitted.]
In determining a sentence the trial judge must keep in mind the goals of the statute, which are to deter and punish recidivism. The trial court should “determine whether the particular defendant before it has proven that the minimum sentence is so excessive in his case that it violates Louisiana’s constitution.” State v. Finney, 2000-2761 p. 9 (La.App. 4 Cir 9/5/01) 798 So.2d 1051, 1056 (citing State v. Lindsey, 770 So.2d at 343). Even if a trial judge finds clear and convincing evidence which justifies a downward departure, he is not free to sentence the defendant to whatever sentence he feels is appropriate under the circumstances, but must instead sentence the defendant to the longest sentence which is not constitutionally excessive. Id.
lain the instant case the defendant’s criminal record goes back to 1986. In *447 addition to the crimes listed on the multiple bill, he has also been found guilty of being a convicted felon in possession of a firearm. The defendant did not bear his burden of rebutting the presumption that the mandatory minimum sentence is constitutional.
CONCLUSION
For the foregoing reasons, we find that the trial court did not err in finding the defendant to be a fourth felony offender and that the sentence imposed was not constitutionally excessive. Further, the evidence was sufficient to support the conviction and the defendant has failed to show that he received ineffective assistance of counsel.
Therefore, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The earlier incident was the basis of the second count of which the defendant was acquitted,