I,Chief Judge WILLIAM H. BYRNES III.
Defendant Leo Stewart was charged by bill of information on March 23, 2001, with one count of possession of cocaine and one count of possession of heroin in violation of La. R.S. 40:967 C and La. R.S. 40:966 C. On May 15, 2001, a twelve-person jury found the defendant guilty of attempted possession of cocaine, and not. guilty of possession of heroin. On June 8, 2001, the court imposed a two year sentence. The court then conducted a multiple bill hearing and adjudged the defendant a fourth felony offender. On June 21, 2001, the trial court vacated the previous two year sentence imposed, and sentenced the defendant to twenty-two and one-half years at hard labor without the benefit of probation or suspension of sentence. On that same date defendant filed a motion for appeal, which the trial court granted.

STATEMENT OF FACT

Officer Jay Sedgebeer, of the New Orleans Police Department, testified that on January 23, 2001, he and his partner Jon Hartman were on patrol in the sixth district. On that same date the officers noticed a tan colored Chevrolet run a stop sign, and the officers decided to follow the | ^vehicle. The officers followed the vehicle into a parking lot near the convention center. The Chevrolet had three passengers: the defendant in the driver’s seat, Arthur Johnson in the front passenger seat, and Tyrone Robinson in the rear passenger seat on the driver’s side. Officer Sedge-beer further testified the he and his partner observed the defendant reach under the driver’s seat to place or retrieve something. Tyrone Robinson exited the vehicle and began to approach Officer'Sedgebeer. The officer requested that- Mr. Robison step back, and when he refused Mr. Robinson was arrested for interfering with a traffic stop.
Officer Sedgebeer testified that at the time he was placing Mr. Robinson under arrest his partner Officer Hartman requested that the defendant step out of the vehicle. Once the defendant was out of the vehicle Officer Plartman searched under the driver’s seat were he retrieved an individual hypodermic needle, a plastic baggie containing a white powder, a partial aluminum can, and a plastic bag containing several other hypodermic needles. The defendant was arrested at the scene and issued traffic citations for disregarding a stop a sign, failure to signal, and driving with a suspended driver’s license. The third occupant of the vehicle was released on the scene.
Harry O’Neal, a criminalist with the New Orleans Police Department, testified that he tested the individual syringe, the aluminum can, and the baggie for the presence of controlled and dangerous substances. Mr. O’Neal further testified that the syringe tested negative for the presence of narcotics, the aluminum can tested positive for the presence of heroin and cocaine, and the plastic bag tested positive for the presence of cocaine.
Tyrone Robinson testified that Officers Sedgebeer and Hartman entered the parking lot behind the defendant’s vehicle. The officers | ^approached the vehicle and Officer Sedgebeer pulled him from the car shouting obscenities. Mr. Robinson further testified that the officers did not conduct a search of the defendant’s vehicle until after the computer check revealed *352 the defendant was a convicted felon. When the officers questioned the men about the items found in the car, Mr. Robinson testified that he immediately told the officers the items were not in the vehicle with them. Mr. Robinson further testified that he had vacuumed the vehicle that same day and he had not seen the items found.

ERRORS PATENT

A review of the record for errors patent reflects that the trial court failed to observe the mandatory twenty-four hour delay between the denial of a motion for new trial and sentencing, and the transcript does not reflect the defendant waived this delay. Because the defendant alleges the trial court imposed an excessive sentence, the sentence must be vacated and the case remanded for resentenc-ing. See La.C.Cr.P. art. 873 and State v. Augustine, 555 So.2d 1331 (La.1990).

ASSIGNMENT OF ERROR NUMBER 1

The defendant complains the trial court erred in permitting Officer Sedge-beer to testify about the search performed by Officer Hartman, due to Officer Hartman’s unavailability that violated the defendant’s right to confront the witnesses against him.
The Sixth Amendment to the Constitution guarantees the right of an accused in a criminal prosecution to be confronted with the witnesses against him. This right is secured for defendants in state as well as federal criminal proceedings. State v. Vaughn, 448 So.2d 1260, 1261 (La.1983). The confrontation clause of our state constitution directly affords each accused |4the right to confront and cross-examine the witness against him. La. Const. art. 1 Sec. 16.
La. C.E. art. 602 provides in part:
A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself.
In the instant case Officer Sedgebeer testified that he saw his partner search the defendant’s vehicle under the driver’s seat, and place the items he found on the roof of the vehicle. Additionally, defendant’s counsel was made aware of Officer Hartman’s absence prior to the commencement of the defendant’s trial. Defendant’s counsel also objected to Officer Hartman’s absence being explained by the state during opening arguments. However, defendant’s counsel did not object to proceeding to trial because of the officer’s absence. Officer Sedgebeer testified about his personal knowledge of the events that transpired on the day the defendant was detained and arrested. Therefore, this assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 2

The defendant complains the twenty-two and one-half years imposed by the trial court is excessive under the circumstances of the case. Although the sentence must be vacated and the case remanded for resentencing for the error noted above, the panel may wish to address this issue because it is likely the trial court will impose the same sentence on remand.
On June 8, 2001, a multiple bill hearing was held and it was determined that the defendant was one in the same person who had been convicted of the predicate offense of simple burglary, theft over five | fihundred dollars, and possession of stolen property over five hundred dollars. The trial court found the defendant to be a fourth time multiple offender.
*353 At the time of the offense in this case, La. R.S. 15:529.1 the Habitual Offender Law provided in part:
(c) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
(i) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life;
This court in State v. Warren, 99-0557 pp. 6-8 (La.App. 4 Cir. 9/8/99), 742 So.2d 722, 726-27, discussed the issue of sentencing below the statutory minimum under La. R.S. 15:529.1:
Even though a sentence under the habitual offender law is the minimum provided by that statute, the sentence may still be unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, or is nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906 pp. 6-7 (La.3/4/98), 709 So.2d 672, 677; State v. Dorthey, 623 So.2d 1276, 1280-81 (La. 1993). However, the entire Habitual Offender Law has been held constitutional, and, thus, the minimum sentences it imposes upon habitual offenders are also presumed constitutional. Johnson, at pp. 5-6 709 So.2d at 675; see also State v. Young, 94-1636, p. 5 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 527. There must be substantial evidence to rebut the presumption of constitutionality. State v. Francis, 96-2389, p. 7 (La.App. 4 Cir. 4/15/98), 715 So.2d 457, 461. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case to rebut the presumption of constitutionality. Young, id. If a sentencing judge finds clear and convincing evidence which justifies a downward departure from the minimum sentence under La. R.S. 15:529.1, he is not free to sentence a defendant to whatever sentence he feels is Inappropriate under the circumstances. The judge must sentence the defendant to the longest sentence which is not constitutionally excessive. This requires that a sentencing judge articulate specific reasons why the sentence he imposes instead of the statutory mandatory minimum is the longest sentence, which is not excessive under the Louisiana Constitution. Id.
In the instant case the sentencing range for the defendant as a fourth felony offender was twenty years to life. The defendant’s twenty-two and one half years sentence fell within the lower range of the sentencing scale. Given the defendant’s criminal history the sentence imposed was not grossly out of proportion under the circumstances of the case.

DECREE

For the foregoing reasons, defendant’s conviction is affirmed, his sentence vacated, and the case remanded for resentenc-ing.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.

JONES, J., dissents.