EDWIN A. LOMBARD, Judge.
|¶ The defendant appeals his conviction and sentence for attempted aggravated burglary. After review of the record in light of the applicable law and arguments of the parties, we affirm the defendant’s conviction and sentence.

*293
Relevant Facts and Procedural History

Shortly after 8 p.m. on November 20, 2008, Officer Walter Fuquay of the New Orleans Police Department (NOPD) responded to a report of a disturbance at the residence of Andrew Lockett, 1828 Washington Avenue, Apartment 6. Upon his arrival, Officer Fuquay observed Lockett, paralyzed and confined to a wheelchair, on the ground in front of the open door of his apartment and the defendant, Robert Monroe, and Shawntrell Hills on top of him.[1] Officer Fuquay ordered the individuals to desist and placed the defendant and Ms. Hills in handcuffs. Officer Fuquay observed a Smith and Wesson .357 revolver in Lockett’s hand, ordered him to drop it, and placed him in handcuffs. During the search incident to the arrest, however, Officer Fuquay recovered from the defendant’s pocket a fully loaded speed loader of the type and design used for the ^revolver recovered from Lockett. He also noticed scuff marks and an apparent footprint on the lower half of the apartment door and a black hat inside the apartment.
On January 9, 2009, the defendant was charged with aggravated burglary and possession of a firearm. He pleaded not guilty and, after a bench trial on April 8, 2009, was found guilty of attempted aggravated burglary. On June 2, 2009, the State filed a multiple bill alleging that Monroe was a second offender. After pleading guilty to the multiple bill, the defendant was sentenced to serve eight years at hard labor.

Assignment of Error

In his sole assignment of error on appeal,[2] the defendant apparently[3] challenges the sufficiency of the evidence supporting his conviction for attempted aggravated burglary, conceding his unauthorized entry into the victim’s residence but arguing there is no evidence that he intended to commit a battery when he crossed the threshold into the residence. This argument is meritless.

Applicable Law

A challenge to the sufficiency of the evidence supporting a conviction is reviewed under the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). State v. Brown, 2003-0897, p. 22 (La.4/12/05), 907 So.2d 1, 18. Thus, the issue before the court is whether, viewed in the light most favorable to the [¡¡prosecution, the evidence is sufficient to convince a rational trier of fact that all of the elements of the crime of attempted aggravated burglary have been proved beyond a reasonable doubt. Id. When, as in this case, circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372, 378 (La.1982).
*294 La.Rev.Stat. 14:60 provides in pertinent part that an “Aggravated burglary is the unauthorized entering of any inhabited dwelling ... where a person is present, with the intent to commit a felony or theft therein, if the offender:
(1) is armed with a dangerous weapon; or
(2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery[4] upon any person while in such place, or in entering or leaving such place.... ”
Pursuant to La.Rev.Stat. 14:27, an “attempt” is defined in pertinent part as follows:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of an tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
B. (1) Mere preparation to commit a crime shall not be sufficient to constitute an attempt; but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent[5] to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended.
| ¿Review of the Evidence
The arresting officer and victim testified at trial[6], but no witnesses were called on behalf of the defendant. Accordingly, the following evidence was adduced at trial. Officer Fuquay testified as to the circumstances of the defendant’s arrest. Mr. Lockett testified that on the day of the incident, the defendant stopped him at the corner of Fourth and Dryades Street to ask him if he knew Ms. Hills and, shortly thereafter, Ms. Hills drove up in a truck and accused him of having knowledge pertaining to the murder of her son, “Little Drew.” Ms. Hills left the area and the defendant continued questioning victim about the murder of Little Drew. Later in the evening he was in his apartment watching television and heard the defendant and Ms. Hills ask a neighbor as to the location of his residence. There was a knock on his door and he opened it to find the defendant and Ms. Hills standing in his doorway. The defendant refused entry into his apartment, blocking the doorway with his wheelchair, and Ms. Hills started yelling at him that he knew something about her son’s death. The defendant repeatedly asked Mr. Lockett to “give [him] a name,” “playing” with the brown handle of a gun under his shirt. Finally, Ms. Hills told the defendant, “We didn’t come around here for all this talk. Handle your business.” When Ms. Hills momentarily distracted the defendant by warning him *295 that someone was going to call the police, Mr. Lockett attempted to slam the door, but a broom fell into the doorway obstructing its closure. The defendant kicked the door in, forced his way into the |5apartment, pulled the gun from his waistband and pointed it at the Mr. Lockett, saying “I’m tired of all this talking. Something about to go down.” Mr. Lockett jumped at the defendant and, as the two men wrestled, grabbed the handle of the gun with his right hand and the barrel of the gun with his left hand as the defendant clung to the middle part of the gun. The defendant called to Ms. Hills for help and she came into the apartment and tried to seize the gun by poking Mr. Lockett in the eyes and scratching his face. The defendant then pushed Mr. Locket back towards the open door, causing him to fall on his left side still in possession of the gun. At this moment, as Ms. Hills was trying to stomp the gun from his hand, the police arrived. After the defendant was handcuffed, Mr. Lockett found the defendant’s black hat inside his apartment.
On cross-examination, Mr. Lockett conceded that, although he had never met the defendant before the day of the incident, Ms. Hills was a long-time acquaintance and there was no prior animosity between them. He conceded that neither the defendant nor Ms. Hills verbally threatened him, but on redirect stated that he took the comment “Handle [his] business” to mean that the defendant was to shoot him.

Discussion

The evidence in this case clearly supports the defendant’s conviction for attempted aggravated burglary. The evidence shows that the defendant entered an inhabited dwelling without authorization and, upon entry, pulled out a gun and began wrestling with the victim, a paraplegic. Thus, the trier of fact could reasonably infer that, beyond a reasonable doubt, when he entered the apartment the defendant intended to “use force or violence upon [the victim].” Because the | ^evidence supports a conviction for aggravated burglary, it is sufficient to sustain the conviction of the lesser included offense. See State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982). The defendant’s assignment of error is without merit.

Errors Patent

A review of the record reveals no patent errors.

Conclusion

The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Ms. Hills was also charged with aggravated burglary as a result of the November 2008 incident involving Monroe and Lockett. The court found Ms. Hills guilty of attempted simple burglary of an inhabited dwelling.

. The defendant’s motion for an out of time appeal was granted on December 10, 2009.

. The defendant argues that the evidence is insufficient to prove he intended to commit an aggravated battery. Additionally, the defendant argues that the evidence is insufficient to prove he intended to intimidate a witness, as per La. R.S. 14:129.1. The defendant, however, was not charged with intending to intimidate a witness or with aggravated battery. Pursuant to the State’s bill of information, the defendant was charged with aggravated burglary of an inhabited dwelling where he was armed with a dangerous weapon and/or committed a battery upon Mr. Lockett while inside or leaving the residence.

. A battery is defined in La.Rev.Stat. 14:33 as "the intentional use of force or violence upon the person of another.”

. Intent may be inferred from the circumstances. See State v. Francis, 96-2389 (La.App. 4 Cir. 4/15/98), 715 So.2d 457.

. Officers Giselle Russell and Joseph Pollard also testified. Officer Russell, supervisor of 911 operators and dispatchers, testified as to two 911 calls received in relation to the subject incident. Officer Pollard, an expert in the taking, examination and comparison of fingerprints, testified that he took fingerprints of the defendant on the day of trial and attempted to compare the defendant’s fingerprints to a certified copy of an arrest register in the name of Robert Monroe. However, the trial court did not allow the comparison, as there had not been any notice or discussion of the certification package at issue.