996 So.2d 564 (2008)
STATE of Louisiana
v.
Tyrone CONNER.
Nos. 2008-KA-0473, 2008-K-0345.
Court of Appeal of Louisiana, Fourth Circuit.
October 1, 2008.
*565 Keva Landrum-Johnson, District Attorney, David S. Pipes, Jr., Assistant District Attorney, New Orleans, LA, for Appellee, State of Louisiana.
John Harvey Craft, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant, Tyrone Conner.
(Court composed of Judge MAX N. TOBIAS, JR., Judge EDWIN A. LOMBARD, Judge PAUL A. BONIN).
MAX N. TOBIAS, JR., Judge.
On 10 March 2004, the state charged Tyrone Conner ("Conner") in a seven count bill of information with one count of carjacking (count 1), a violation of La. R.S. 14:64.2; two counts of purse snatching (counts 2 and 3), violations of La. R.S. 14:65.1; and four counts of burglary (counts 4, 5, 6, and 7), violations of La. R.S. 14:62. At his arraignment on 3 March 2004, Conner pled not guilty to all counts.
On 16 December 2005, the trial court began a hearing on the defense's motions to suppress and for preliminary hearing, but on 21 March 2005, the defense waived motions and the state amended the count of carjacking (count 1) to unauthorized use of a motor vehicle, a violation of La. R.S. 14:68.4. Thereafter, defense counsel waived the remaining outstanding motions a second time, and the matter was set for trial.
On 12 December 2006, Conner was tried on counts 5 and 7. The jury found him not guilty as to count 5 and guilty of attempted burglary as to count 7. On 29 November 2007, the trial court sentenced Conner to one year in the Department of Corrections. On 30 November 2007, the state multiple billed Conner, charging him as a quadruple offender.
On 13 December 2007, the trial court found Conner to be a triple-offender, vacated his original sentence and re-sentenced him to ten years at hard labor in the Department of Corrections. Conner then proceeded to a bench trial on the remaining counts (counts 1, 2, 3, 4, 6) of the indictment. The defendant moved for mistrial, which was granted.
On 7 January 2008, Conner moved for an appeal.
On 17 January 17, 2008, the state filed a new multiple bill, again alleging that Conner was a quadruple offender. It appears *566 from the record on appeal that the trial court interpreted the multiple bill as a motion to reconsider the defendant's habitual offender status and denied the "motion" on 1 February 2008.
On 11 February 2008, the state dismissed count 6 of the indictment.[1]
On 25 March 2008, the state filed a writ application with this court under docket number 2008-K-0345, challenging Conner's status as a triple offender. In an order issued 25 April 2008, this court consolidated the writ application with this appeal.

STATEMENT OF FACTS
New Orleans Police Department Sergeant Justin Crespo ("Crespo") investigated an auto burglary that occurred on 6 November 2003 at the intersection of Airline Drive[2] and Monroe Street in New Orleans. Based on interviews with Ms. Shawn Thomas, the owner of the vehicle, and a Ms. Aucoin (Ms. Thomas' niece and passenger in the vehicle at the time of the incident), Crespo developed Conner as a suspect in the crime. Crespo compiled a photographic lineup, including a picture of the accused and presented it on 18 November 2003 to Ms. Thomas and her niece, both of whom identified Conner as the person who smashed the vehicle's window. Subsequent thereto, Crespo obtained an arrest warrant for Conner.
Ms. Thomas, her niece, and Ms. Thomas' baby (all passengers in her vehicle) stopped at the red light at the intersection of Airline Drive and Monroe Street. Ms. Thomas' niece screamed, and as Ms. Thomas turned to look, she saw the defendant smash the window of her vehicle and stick his head into the car. Ms. Thomas accelerated away from the scene and later determined that the "baby bag," that had been on the seat next to her, was missing. Several days after the incident, Ms. Thomas went to the police station to view a photographic lineup. She identified Conner as the perpetrator from the photo lineup.
New Orleans Police Department Officer Kristie Harper ("Harper") investigated an auto burglary that occurred on 23 December 2003 at approximately 4:40 p.m. Harper interviewed Ms. Tiffany Ryan, the owner of the vehicle, and developed Conner as a suspect in that burglary. Ms. Ryan was sitting in her car stopped at the traffic light at the intersection of South Claiborne Avenue and Earhart Boulevard in New Orleans. A man broke the passenger side front window and grabbed Ms. Ryan's purse as it sat on the seat next to her. Ms. Ryan managed to hold onto her purse as her assailant attempted to enter her vehicle and take the purse from her. When the traffic ahead of her moved, she accelerated away from the intersection. Ms. Ryan identified Conner as the perpetrator from a photo lineup compiled by Harper. Based on the identification, Harper obtained a warrant for the defendant's arrest. Incident to the investigation of this incident, Harper seized a hat that fell off the suspect into Ms. Ryan's vehicle. The officer identified the hat in court.

ERRORS PATENT
A review for errors patent on the face of the record reveals none.

DEFENDANT'S ASSIGNMENT OF ERROR NUMBER 1
In his first assignment of error, Conner argues that because the appellate record *567 does not indicate which of the counts of the bill of information he was tried and convicted of, he has been denied his right to appeal the sufficiency of the evidence.
The minute entry and trial transcript in the record do not reflect which count (5 or 7) was presented to the jury as "count one" and which was presented as "count two". However, the state's supplementation of the record with the transcript of the reading of the bill of information to the jury at the start of trial clarifies the issue and renders this assignment moot. The transcript indicates that the first count presented to the jury was the simple burglary of Ms. Ryan's vehicle, which is listed as count 5 of the bill of information, and that the second count presented was the simple burglary of Ms. Thomas' vehicle indicated as count 7 of the bill. Conner was acquitted of count 5, the simple burglary of Ms. Ryan's vehicle, and was found guilty of the lesser included offense of attempted simple burglary of Ms. Thomas' vehicle.
This court set out the standard for reviewing convictions for sufficiency of the evidence in State v. Ragas, 98-0011 (La. App. 4 Cir. 7/28/99), 744 So.2d 99, as follows:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757 (La.App. 4 Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court must consider the record as a whole since that is what a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted. The fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall; Green; supra. "[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence." State v. Smith, 600 So.2d 1319 (La.1992) at 1324. In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La. 1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but rather an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
98-0011 at pp. 13-14, 744 So.2d at 106-107, quoting State v. Egana, 97-0318, pp. 5-6 (La.App. 4 Cir. 12/2/97), 703 So.2d 223, 227-228.
Conner was convicted of attempted simple burglary, which is defined as the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, *568 movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein. La. R.S. 14:62. Entry is accomplished whenever any part of the defendant's person passes the line of the threshold. It is sufficient that any part of the person intrudes, even momentarily, into the structure. The requisite intent required by La. R.S. 14:62 is specific intent, which is defined as that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La. R.S. 14:10(1). Specific intent need not be proven as a fact but may be inferred from the circumstances and actions of the accused. State v. Weary, 03-3067, p. 18 (La.4/24/06), 931 So.2d 297, 311, cert. denied, Weary v. Louisiana, 549 U.S. 1062, 127 S.Ct. 682, 166 L.Ed.2d 531 (2006). The determination of whether the requisite intent is present in a criminal case is determined by the trier of fact, and a review of the correctness of this determination is to be guided by the Jackson v. Virginia standard, as explained in Ragas, supra.
La. R.S. 14:27 defines an attempt to commit a crime as having a specific intent to commit a crime, and doing or omitting an act for the purpose of and tending directly toward accomplishing the crime.
Ms. Thomas testified that she saw Conner smash the window of her vehicle, reach into her car, and take the baby bag that was sitting on the seat next to her. Further, Ms. Thomas said she and the defendant were face to face during the encounter, and that she clearly saw his face.
Considering the foregoing evidence adduced at trial viewed in a light most favorable to the state, the jury could and did conclude that Conner was guilty of the attempted simple burglary of Ms. Thomas vehicle. This assignment is without merit.

DEFENDANTS ASSIGNMENT OF ERROR NUMBER 2
Conner complains that the trial court erred in allowing the state to introduce into evidence a photocopy of the photographic line up without showing that the original line up was unavailable.
This assignment pertains to evidence presented regarding the 23 December 2003 incident involving the vehicle belonging to Ms. Ryan (count 5 of the bill of information). However, as Conner was acquitted of this charge, the assignment of error is moot.

STATES ASSIGNMENT OF ERROR
Subsequent to the conviction which is the subject of this appeal, the state filed a multiple bill charging Conner as a quadruple offender, to which he pled not guilty and proceeded to a hearing on 13 December 2007. At the conclusion of the hearing, the court adjudged Conner a triple offender. The state noted its intent to seek and did in fact seek supervisory review of that ruling.
The states application asserts that the trial court erred in finding Conner a triple, rather than quadruple, offender, arguing that the trial court erroneously perceived a deficiency on the bill of information of an earlier conviction as fatal to the states case as to Conners quadruple offender status.
At issue is the citation to Louisiana statutes on Conners February 2003 conviction for simple robbery. Initially, Conner was charged with purse snatching, a violation of La. R.S. 14:65.1, in case number 433-126, Section L of Orleans Parish Criminal District Court. The charge was later amended to simple robbery; however, instead of listing the correct amended statutory charge to La. R.S. 14:65 on the bill of information, the state listed the statutory citation for simple burglary, La. R.S. 14:62. *569 Conner pled guilty to simple robbery on 21 February 2003.
At the multiple bill hearing, Officer Joseph Pollard (Pollard) testified that prior to the hearing he took Conners fingerprints in court. Pollard further testified that the fingerprints on all three of the certification packs presented by the state matched Conners prints taken in court prior to the multiple bill hearing. Pollard stated that there was no doubt that Conner was one and the same individual who pled or was found guilty in the three certification packs presented at the hearing.
The purpose of a bill of information is to inform a defendant of the nature and cause of the accusation against him as required by the Louisiana Constitution, Article I, § 13. A clerical error in the statutory citation does not require a dismissal of the bill or reversal of a conviction if the error or omission does not mislead the defendant to his prejudice. La.C.Cr.P. art. 464.
In State v. Jason, 99-2551, p. 13 (La. App. 4 Cir.12/6/00), 779 So.2d 865, 873, this court found that a typographical error in the multiple bill that listed the wrong date of one of the defendant's convictions was not prejudicial to the defendant. The court reasoned that the accused knew which prior plea was being used in the multiple bill, since the bill contained the correct case number and section of court.
In the present case, no indication is present or exists that Conner was prejudiced by the clerical error in the statutory citation of his underlying conviction. The multiple bill contained the correct case number, section of court, and date of the defendant's guilty plea to simple robbery. Moreover, a review of the Boykin hearing of 21 February 2003 and the Waiver of Rights  Plea of Guilty form executed by the defendant clearly indicate that the defendant knew what he was charged with and pled guilty to, namely, simple robbery. Thus, the error in the statutory citation of Conner's underlying conviction in the multiple bill did not prejudice him. In light of the foregoing, the trial court erred in adjudging the defendant a triple, rather than a quadruple, offender. The states writ application has merit and we must correct the trial courts finding.

CONCLUSION
We affirm Tyrone Conner's conviction for attempted simple burglary. We vacate Tyrone Conner's adjudication and sentence as a triple offender and adjudge him as a quadruple offender. We remand this matter to the trial court to sentence Tyrone Conner as a quadruple offender in accordance with law.
AFFIRMED IN PART; VACATED IN PART; RENDERED IN PART; REMANDED IN PART.
BONIN, J., concurs in part and dissents in part with reasons.
BONIN, J., concurs in part and dissents in part with reasons.
I respectfully concur in the majority opinion affirming the defendant's conviction of the crime of attempted simple burglary, a violation of La. R.S. 14:(27)62.
However, I respectfully dissent insofar as the majority opinion vacates the trial court's adjudication and sentence of the defendant as a triple offender, adjudicates him as a quadruple felony offender, and remands the case to the trial court to sentence him as a quadruple offender.
The majority mandates that the trial court resentence the defendant as a quadruple offender. The mandate will at the least double the sentence from the current 10 years hard labor without benefit of probation or suspension of sentence. The sentencing range on a quadruple offender *570 in Conner's classification is 20 years to natural life, without benefit of probation or suspension of sentence. La. R.S. 15:529.1(A)(1)(c)(i).[1]
The majority may very well be correct that the trial court should have sentenced Conner as a quadruple offender. However, based on the record before us, I believe the mandate goes too far. I would remand the matter to the trial court to conduct a new hearing on the State's multiple bill and to sentence the defendant in accord with the law, while establishing a clear, concise, and adequate record that can be reviewed on appeal.
The defendant filed no written particularized objection[2] to the multiple bill filed against him on November 30, 2007.[3] After a routine contradictory hearing, which consisted of a direct examination (but no cross-examination) of the fingerprint expert, and after considering oral arguments which are not transcribed as they were apparently "off-the-record," the trial judge made the following ruling:
At this time, having reviewed the information, the Court is of the opinion that the Defendant has been proven to be a "Triple Bill" under the laws of the State of Louisiana.
The Court finds the February 2003 conviction is fatally flawed,,, [sic] an unsuitable predicate for this multiple bill.
I do find there is a linkage between the remaining convictions such that he can be and has been found to be a triple offender under the laws of The State of Louisiana, R.S. 15:529.1.
While the State objected to the ruling on the record, it did not specify the "grounds" for its objection. See, e.g., La.C.Cr.P. art. 841(A). The State did not file a Motion for Reconsideration of Sentence pursuant to La.C.Cr.P. art. 881.1(A) by which its "grounds" might be ascertained on review.
The trial court did not comply with the statutory mandate that the "court shall provide written reasons of its determination," La. R.S. 15:529.1(D)(3), but neither side objected.
The majority opinion provides, "[i]t appears from the record on appeal the trial court interpreted the multiple bill as a motion to reconsider the defendant's habitual offender status and denied the `motion' on 1 February 2008." Apparently something happened on February 1, 2008, but we have not been furnished a transcript of any hearing by the State in support of its application.
The effect of "the record on appeal" is that we as a reviewing court have no certain knowledge of the reason why the trial court found the February 2003 conviction "fatally flawed." The majority assumes we are reviewing a question of law, when it may be that the trial judge's decision was a question of fact.
The sole source for the majority's acceptance of the basis for the trial court's ruling is the prosecution's arguments in its writ application to this Court, but the defense *571 in its opposition did not concede that the prosecution has faithfully described the basis for the trial court's action.[4]
Having accepted the prosecution's premise about why the trial court made the determination of "fatally flawed," the majority decides that the February 2003 conviction is not "fatally flawed." Except for accepting that premise, the majority's reasoning is sound. The clerical error of a statutory citation in the bill of information of a prior felony offense under the circumstances of this case is not a "fatal flaw."
The procedural protections in place for both the State and the defendant provided in the legislative scheme set out in La. R.S. 15:529.1 have been so disregarded in this case that we cannot and should not rely upon the record as it has come to us. In view of the record before us, I am wholly unprepared to disregard these procedural protections in order to concur in the doubling of this defendant's sentence.
The appropriate action by this court in this matter is authorized by La.C.Cr.P. art. 881.4. We should remand the matter to the trial court to resentence the defendant. But rather than mandate sentencing the defendant as a quadruple offender, I would afford the trial court the opportunity to make an appropriate determination on the record whether the defendant is a "triple offender" or a "quadruple offender" and to sentence him accordingly.
The punishments resulting from multiple bill hearings are severe. The procedures attendant to and the hearings themselves deserve careful attention.
NOTES
[1] The minute entry contained in the record erroneously indicates that count 5 was dismissed. However, the entry was corrected. The state corrected the error which appears of record in the supplement filed by it.
[2] Airline Drive was formerly known as Airline Highway. By custom, many still refer to Airline Drive as Airline Highway.
[1] The maximum sentence for attempted burglary is 6 years, with or without hard labor. La. R.S. 14:27(D)(3) and La. R.S. 14:62. The maximum sentence for a "triple offender" in Conner's classification is 12 years, without benefit of probation or suspension of sentence. La. R.S. 15:529(A)(1)(b)(i) and (G).
[2] See the statutory provision set out in La. R.S. 15:529.1(D)(1)(a).
[3] The multiple bill charges three prior felonies: guilty plea to simple burglary on February 21, 2003; guilty plea to possession of crack cocaine on December 16, 1994, and guilty plea to simple burglary on September 11, 1992.
[4] Neither the prosecution nor the defense requested oral argument before this Court on this appeal.