EDWIN A. LOMBARD, Judge.
hThe defendant, Scott J. Brown, seeks reversal of his conviction for simple burglary of a vehicle pursuant to La.Rev.Stat. 14:62(A) and the denial of his motion for new trial and motion in arrest of judgment on the basis of insufficiency of evidence. For the reasons set forth below, we affirm the conviction and sentence.

*968
Relevant Procedural History

The defendant was charged by bill of information with one count of simple burglary of a vehicle on May 4, 2011. He pleaded not guilty at his arraignment on June 15, 2011, and at the preliminary hearing on July 26, 2011, the trial court found that the evidence was insufficient to support a finding of probable cause. The defendant waived his right to a jury and, after a judge trial held on October 12, 2011, the defendant was found guilty as charged. On November 4, 2011, he filed a motion for new trial and motion in arrest of judgment, arguing that the evidence presented at trial was insufficient to support a conviction. The motions were denied on December 12, 2011.
On December 16, 2011, the defendant was sentenced to five years at hard labor. The court also imposed fines and fees of $500.00 to the Judicial Expense Fund and $191.50 in court costs. The sentence was suspended and the defendant was placed on five years active probation. The defendant was ordered to serve twenty-five Sundays in the “weekend warrior” program.

Assignment of Error

The defendant argues that the evidence is insufficient to support his conviction and, concomitantly, the trial court erred in denying the motion for new trial and motion in arrest of judgment. Specifically, the defendant argues that the evidence is insufficient in this case because the State failed to prove that the defendant himself entered the vehicle with the intent to commit a theft or that he acted in concert with someone who entered it with the intent to commit a theft.

Applicable Law

We review the sufficiency of the evidence under the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See State v. Brown, 2003-0897, p. 22 (La.4/12/05), 907 So.2d 1, 18. Accordingly, we “must determine that the evidence, -viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt.” State v. Neal, 2000-0674, p. 9 (La.6/29/01), 796 So.2d 649, 657 (quoting State v. Captville, 448 So.2d 676, 678 (La.1984)). The determination of credibility is a question of fact within the sound discretion of the trier of fact and will not be disturbed unless clearly contrary to the evidence. State v. Holmes, 2006-2988, p. 34 (La.12/2/08), 5 So.3d 42, 68; State v. Vessell, 450 So.2d 938, 943 (La.1984).
In this case, the defendant was charged with simple burglary which, as defined in La.Rev.Stat. 14:62, is “the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein, other than as set forth in La.Rev. Stat. 14:60 [aggravated burglary].” The requisite intent required by La.Rev.Stat. 14:62 is specific intent. State v. Smith, 2002-1018, p. 7 (La.App. 5 Cir. 3/11/03), 844 So.2d 119, 125. Specific criminal intent is defined as “that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” La. R.S. 14:10(1). Specific intent may be inferred from the circumstances and actions of the defendant. State v. Ennis, 2011-0976, p. 7 (La.App. 4 Cir. 7/05/12), 97 So.3d 575, 580, quoting State v. Riley, 2008-1102, p. 9 (La.App. 4 Cir. 4/24/09), 10 So.3d 1232, 1237. Whether a criminal defendant possessed the requisite intent is for the trier of fact, and a review of the correctness of that determination is guided by the Jackson standard. State v. Naquin, 2010- *969 0474, p. 9 (La.App. 5 Cir. 2/15/11), 61 So.3d 67, 71-72.
Entry, in relation to La.Rev.Stat. 14:62, is accomplished whenever any part of the defendant’s person passes the line of the threshold. State v. Conner, 2008-0473, pp. 5-6 (La.App. 4 Cir. 10/1/08), 996 So.2d 564, 568. It is sufficient that any part of the person intrudes, even momentarily, into the structure. Id.

Relevant Facts

The following evidence was adduced at trial:
On April 7, 2011, at approximately 4:00 a.m., in response to a 911 call from Gilbert Caesar, Officer Robert King of the New Orleans Police Department (NOPD) was dispatched to a vehicle theft in progress in the 8300 block of Curran Boulevard, near the intersection with Crowder Boulevard in Orleans Parish. The defendant was arrested at the scene. Mr. Caesar and Officer King, as well as Claudine Howard (the owner of the vehicle) testified at trial.
Mr. Caesar stated that on April 7, 2011, he awoke up around 4:00 a.m. when he heard a noise outside his residence at 8320 Curran Boulevard. From his upstairs window, he observed two men across the street near the vehicle owned by his neighbor, Ms. Howard. He saw one man carrying a car hood which was placed in the back of a truck or sport utility vehicle driven by another individual. Those two individuals drove away with the car hood. A third man, heavily built and wearing a green hat, walked back towards the vehicle. He continued to watch the man with the green hat while his wife telephoned the police. The stood in front of vehicle and then, as if something spooked him, started to walk away from the vehicle ducking in and out of dark yards down the street. Mr. Caesar saw no one else in the area at the time and was still watching the man in the green hat when the police arrived. Mr. Caesar testified that he had never lost sight of the man in the green hat, explaining that he directed the police to the man and watched as the police apprehended him.
On cross examination, Mr. Caesar conceded that he never saw the man in the green hat inside the vehicle, never saw him remove anything from the vehicle, and never saw him in possession of the hood or any of the vehicle’s contents. He also conceded that he never saw the man’s face and could not identify the defendant in court.
Officer King testified that he was dispatched to a possible auto theft in progress on the day and time in question and, upon arriving at the scene, saw the defendant (the only individual in the area) wearing jeans, a long-sleeve black shirt and a green “Mountain Dew” hat. As Officer King watched, the defendant walked down the street, past an empty lot and into the driveway of a residence several houses down from the victim’s vehicle, and picked up a newspaper on the ground. At this point, Officer King stopped the defendant to discover what he was doing out at that time of morning and, subsequently, recovered in the course of a pat-down some small hand tools, a flashlight, an open-end wrench, a lock to a tool used for removing lock nuts on vehicles, a socket, a screw that looked like part of a vehicle, and a towel.
Officer King observed that the vehicle in question was partially stripped. The hood was removed; there was a screwdriver wedged in between the headlight and the frame of the vehicle; the battery was removed; the doors were partially open; the inside of the vehicle had been rummaged through; and there was a bag of tools and CDs on the ground beside the vehicle. *970 Officer King noted similarities between the tools found next to the vehicle and the tools found on the defendant’s person. He further testified that the bolt found on the defendant’s person was similar to the bolts that he observed on the victim’s vehicle.
Claudine Howard, the owner of the vehicle, testified that when she went to bed in the early morning hours of April 7, 2011, her vehicle was intact, but when the police came to her door later that morning, the vehicle’s hood was missing and the battery, along with some of the vehicle’s contents, had been removed from the vehicle and placed on the ground. In addition, an open bag of tools was on the ground next to her vehicle. Ms. Howard stated that she did not know the defendant and did not give anyone permission to enter her vehicle or to remove anything from her vehicle.
The defendant did not testify or call witnesses on his own behalf at trial.

Discussion

The defendant points out that the State did not prove that he actually entered the victim’s vehicle. However, it is well established that one may be a principal to a burglary without having personally entered the burglarized structure. State v. Arceneaux, 2007-0692, p. 11 (La.App. 5 Cir. 3/25/08), 983 So.2d 148, 154.
Because the State did not present evidence that the defendant personally entered the victim’s vehicle, it had the burden of proving that he was a principal to the unauthorized entry. State v. Arceneaux, 2005-0338, p. 7 (La.App. 5 Cir. 12/27/05), 930 So.2d 44, 49. La.Rev.Stat. 14:24 defines “principals” as “all persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime.” Accordingly, the State did not need to prove that the defendant personally entered the vehicle; it only had to prove that he was someone “concerned with the commission of the crime” in order for him to be found guilty as a principal to the burglary. State v. McCord, 2011-0656, p. 9 (La.App. 4 Cir. 2/15/12), 85 So.3d 210, 215.
The record contains evidence which, viewed in the light most favorable to the prosecution, supports the judge’s finding that the defendant was guilty, beyond a reasonable doubt, of being a principal in the simple burglary of a vehicle pursuant to La.Rev.Stat. 14:62. The eyewitness testified that he saw a man walking away from the victim’s vehicle carrying a car hood, accompanied by a man in a green hat. He observed the man with the green hat return to the vehicle, stand directly in front of the motor, where he was “doing something.” At that time, he stated that it looked like the man got spooked and walked away, went to the back of a dark yard, came forward, then started walking down the street. Officer King identified the defendant as the man wearing the green hat that he apprehended near the crime scene, in possession of various tools and ear parts that were similar to those found on or near the victim’s vehicle.

Conclusion

The evidence is sufficient to support the defendant’s conviction for violation of La. Rev.Stat. 14:62(A) and, accordingly, the trial court did not err in denying the defendant’s motion for new trial and motion in arrest of judgment. The defendant’s conviction and sentence are affirmed.
AFFIRMED.