STATE OF LOUISIANA IN       *      NO. 2019-CA-0842
THE INTEREST OF L.R.

                         *      COURT OF APPEAL

                         *      FOURTH CIRCUIT

                         *      STATE OF LOUISIANA

                         *

                         *

                * * * * * * *

**LEDET, J., DISSENTS WITH REASONS**

      Contrary to the majority, I would find that the evidence is sufficient to support the juvenile court's adjudication as to both simple burglary and illegal possession of stolen things. Officer Berrinccha testified at the adjudication hearing that, within approximately five minutes of the burglary, L.R. was apprehended in the vicinity and that L.R. had the victim's cell phone in his possession. This testimony is direct evidence that L.R. was in illegal possession of stolen property and is, thus, sufficient to support his adjudication for that delinquent act. Officer Berrinccha's testimony also is circumstantial evidence from which the juvenile court reasonably inferred that, minutes before, L.R. was concerned in the commission of the burglary during which the victim's cell phone was stolen. The majority's conclusion to the contrary is grounded in two legal errors.

      First, the majority finds that, because the State failed to prove Officer Berrinccha's "first-hand knowledge that L.R. possessed [the victim's] cell phone," the evidence is insufficient to support L.R. adjudication for illegal possession of stolen things. This argument conflates sufficiency with admissibility.

      Officer Berrinccha testified in relevant part as follows:

> [I]t was the task force unit[,] the general assignment officers[,] that made the apprehension a few blocks away, we canvassed the route from the house to where the apprehension was made. Several items were kind of just throw in the bushes, the street, and then [L.R.] was also in possession of the cellphone.

On cross-examination, Officer Berrinccha testified that he had not himself seen L.R. in possession of the victim's cell phone. Thus, the clear import of his testimony was that he had learned, through statements made by the arresting officers, that L.R. was apprehended in possession of the victim's cell phone. That such testimony may have constituted inadmissible hearsay has no bearing on whether it is sufficient to support L.R.'s adjudications. *See McDaniel v. Brown*, 558 U.S. 120, 131, 130 S.Ct. 665, 672, 175 L.Ed.2d 582 (2010) (*per curiam*) (observing that "'a reviewing court must consider all of the evidence admitted by the trial court,' regardless whether that evidence was admitted erroneously") (quoting *Lockhart v. Nelson*, 488 U.S. 33, 41, 109 S.Ct. 285, 291, 102 L.Ed.2d 265 (1988)); *accord State v. Hearold*, 603 So.2d 731, 734 (La. 1992) (observing that "when the entirety of the evidence, both admissible and inadmissible, is sufficient to support the conviction, the accused is not entitled to an acquittal").

Second, the majority finds that, because the State offered no direct evidence that L.R. had entered the victim's vehicle, the evidence is insufficient to support his adjudication for simple burglary. It is well settled, however, that, when, as here, two or more individuals are concerned in the commission of a burglary, each is liable as a principal, even if he does not himself enter the burglarized structure. *See* La. R.S. 14:24 (providing that "[a]ll persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals"); *State v. Brown*, 12-0853, pp. 5-6 (La. App. 4 Cir. 2/6/13), 109 So.3d 966, 970 (observing that "it is well established that one may be a principal to a burglary without having personally entered the burglarized structure") (citing *State v. Arceneaux*, 07-0692, p. 11 (La. App. 5 Cir. 3/25/08), 983 So.2d 148, 154).

From Officer Berrinccha's testimony that L.R. was apprehended in the vicinity of the burglary, approximately five minutes after its commission, and in possession of the victim's cell phone (which had been in her burglarized vehicle), the juvenile court reasonably inferred—to the exclusion of every reasonable hypothesis of innocence—that L.R. had been concerned in the commission of the burglary. That inference is sufficient to support L.R.'s adjudication for simple burglary.