470 So.2d 601 (1985)
STATE of Louisiana
v.
Morris HARRIS.
No. 84 KA 1287.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
*602 Ossie Brown, Dist. Atty. by Jeff Hollingsworth, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Gail H. Ray, Baton Rouge, for defendant-appellant.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
Morris Harris (defendant) was charged by bill of information with simple burglary of an inhabited dwelling. La.R.S. 14:62.2. Defendant pled not guilty and, after waiving his right to a jury trial, was tried by the judge alone. He was found guilty and sentenced to six years at hard labor. He appeals alleging two assignments of error.
At approximately ten minutes to four on the morning of August 2, 1982, defendant was apprehended wheeling a dolly and a lawn edger loaded with several large boxes containing, among other things, a dishwasher. The edger was used like a dolly to carry other large boxes. The boxes had a name and address stenciled on them and the apprehending officers went to the address and contacted the owner, who identified the property. The owner said that the property had been stacked underneath his carport and the edger had been kept in a utility room.

ASSIGNMENT OF ERROR NUMBER 1:
Defendant contends that the trial court committed error when it found him guilty of simple burglary of an inhabited dwelling based on insufficient proof.
La.C.Cr.P. art. 821 embodies the language of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). It provides that the standard of review for sufficiency of evidence to support a conviction is whether the evidence, viewed in the light most favorable to the state, does not reasonably permit a finding of guilty.[1]State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). The statutory rule as to circumstantial evidence is that, assuming every fact to be proved that the evidence tends to prove, in order to convict, every reasonable hypothesis but guilty must be excluded. La.R.S. 15:438; State v. Gibson, 459 So.2d 1294 (La.App. 1st Cir.1984). When circumstantial evidence is the basis for a conviction, its sufficiency is analyzed as a component of the reasonable doubt standard. State v. Nealy, 450 So.2d 634 (La.1984).
*603 Defendant is charged with burglary of an inhabited dwelling, which "is the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode ... with the intent to commit a felony or any theft therein." La.R.S. 14:62.2.
The evidence adduced at the preliminary hearing is unequivocal. At 3:50 in the morning the defendant was transporting items subsequently established to have been taken from a residence located a few blocks from where defendant was apprehended. The owners name was still on the boxes containing the items. Conversation with the victim established he was remodeling his house and the items were located in a garage and utility room attached to his dwelling. The edger and dolly were taken from the utility room and the other items from under the carport. The carport and utility room were certainly part of the inhabited dwelling. Under the circumstances a trier of fact could reasonably conclude that defendant took the items. Consequently, all elements of burglary of an inhabited dwelling were present. The evidence is sufficient to support the verdict.
The first assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 2:
Defendant contends that the trial court committed error when it found him guilty of simple burglary of an inhabited dwelling based on a stipulation, or a misunderstanding by the court of the stipulation between the prosecution and the defense.
The preliminary hearing was held January 4, 1983, and the judge ruled probable cause existed for the defendant to be held only on a charge of simple burglary. However, at trial the parties stipulated to the use of evidence from the preliminary hearing to support the charge of simple burglary of an inhabited dwelling. The prosecution said:
"Judge, in connection with this case, I think it will bes (sic) stipulated between Mr. Calmes and myself that we will submit the matterif the witnesses were called the testimony would be the same as the preliminary hearing. That the residence was burglarized and was inhabited and we will submit it on that stipulation."
The finding by the trial judge was guilty of simple burglary of an inhabited dwelling.
The defendant argues that the above language was unclear as to whether or not defendant was stipulating to the evidence elicited from the preliminary hearing, or to his guilt of the charge of simple burglary of an inhabited dwelling. Defendant alleges the stipulation was in actuality a plea of guilt entitling him to the constitutional protections provided in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The stipulation of the prosecuting attorney concerning the introduction of testimony from the preliminary hearing was not an admission of guilt. Defendant at no time changed his plea to guilty. He was convicted of simple burglary of an inhabited dwelling based upon testimony introduced by stipulation. We find this testimony sufficient to convict the defendant as charged. The trial court's statement at the preliminary hearing is not binding if the evidence is otherwise sufficient.
Assignment of error number two is without merit.

PATENT ERROR
The sentence for burglary of an inhabited dwelling provides that the first year must be without benefit of parole, probation or suspension of sentence. State v. Boowell, 406 So.2d 213 (La.1981). The sentence as it stands is illegal in that it does not so provide. The error requires correction. La.C.Cr.P. art. 882. Since we do not know whether the trial court would have given the same length sentence when one year is without benefits, we must remand for resentencing.
CONVICTION AFFIRMED, SENTENCE VACATED AND REMANDED FOR RESENTENCING.
NOTES
[1] The same standard is applicable in reviewing sufficiency in a judge trial. La.C.Cr.P. art. 778. Additionally, we will consider sufficiency if assigned as error, even though there is no motion for acquittal under La.C.Cr.P. art. 778, nor a motion for post verdict judgment of acquittal under La.C.Cr.P. art. 821.