1 .BAGNEPJS, Judge.

STATEMENT OF CASE

Wilfred Francois (“the defendant”) was charged by bill of information with possession of cocaine, a violation of La. R.S. 40:967. He was arraigned and pled not guilty on November 16, 1999. On January 11, 2000, he withdrew his not guilty plea and pled guilty under State v. Crosby, 338 So.2d 584 (La.1976). That same day the State filed a multiple bill to which he pled guilty. On January 21, 2000, the court sentenced him pursuant to La. R.S. 15:529.1 to forty months with credit for time served, sentence to run concurrent with any other sentence.

FACTS

At approximately 12:30 a.m. on September 12, 1999, Officer Scheurmann and his partner were patrolling in a marked police unit near the intersection of Magnolia and *676 Amelia Streets. An ongoing problem of drug activity in the area and an increase in property crimes brought the area under closer police scrutiny. The officers observed the defendant walking in the middle of the street in violation of the municipal code. The officers stopped to question the defendant about the municipal violation. As they approached the defendant, he appeared nervous. Upon conducting a pat down search of the defendant’s buttock area, Officer 12Scheurmann felt an object he recognized as a packet of crack cocaine. The officers arrested the defendant for possession of crack cocaine and issued him a citation for the municipal code violation.[1] After being advised of his Miranda rights, the defendant told the officers that he was on federal probation and parole for forged security violations. He also said that he had just purchased a $25.00 slab of crack to cut and sell.

ERRORS PATENT

A review of the record for errors patent reveals that the minute entry of the defendant’s January 21, 2000 sentencing is missing. The docket master, however, contains an entry for that date noting the sentence of forty months with credit for time served, sentence to run concurrent with any other sentences. Considering the docket master entry and the fact that the defendant has not assigned error as to the absence of the minute entry of his sentence, this error is harmless.
No other errors patent were found.

ASSIGNMENT OF ERROR NUMBER ONE

In a sole assignment, the defendant argues that the trial court erred in denying his motion to suppress the evidence. He contends that because the officers had neither reasonable suspicion to stop him nor justifiable cause for the search, the evidence was seized illegally.
| ¡¡Warrantless searches and seizures fail to meet constitutional requisites unless they fall within one of the narrow exceptions to the warrant requirement. State v. Edwards, 97-1797 (La.7/2/99), 750 So.2d 893, cert. denied, Edwards v. Louisiana, 528 U.S. 1026, 120 S.Ct. 542, 145 L.Ed.2d 421 (1999). On trial of a motion to suppress, the State has the burden of proving the admissibility of all evidence seized without a warrant. La.C.Cr.P. art. 703(D); State v. Jones, 97-2217 (La.App. 4 Cir. 2/24/99), 731 So.2d 389, 395, writ denied, 99-1702 (La.11/5/99), 751 So.2d 234. A trial court’s ruling on a motion to suppress the evidence is entitled to great weight, because the court has the opportunity to observe the witnesses and weigh the credibility of their testimony. State v. Mims, 98-2572 (La.App. 4 Cir. 9/22/99), 752 So.2d 192.
La.C.Cr.P. art. 215.1A provides that:
A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
“Reasonable suspicion” to stop is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect’s rights. State v. Littles, 98-2517 p. 3 (La.App. 4 Cir. 9/15/99), 742 So.2d 735, 737; State v. Clay, 97-2858 p. 4 (La.App. 4 Cir. 3/17/99), 731 So.2d 414, 416, writ denied, 99-0969 (La.9/17/99), 747 So.2d 1096.
Evidence derived from an unreasonable stop, i.e., seizure, will be excluded from trial. State v. Benjamin, 97-3065 p. 3 (La.12/1/98), 722 So.2d 988, 989; *677 State v. Tyler, 98-1667 p. 4 (La.App. 4 Cir. 11/24/99), 749 So.2d 767, 770. In j4assessing the reasonableness of an investigatory stop, the court must balance the need for the stop against the invasion of privacy that it entails. See State v. Harris, 99-1434 pp. 2-3 (La.App. 4 Cir. 9/8/99), 744 So.2d 160, 162. The totality of the circumstances must be considered in determining whether reasonable suspicion exists. State v. Oliver, 99-1585 p. 4 (La.App. 4 Cir. 9/22/99), 752 So.2d 911, 914; State v. Mitchell, 98-1129 p. 9 (La.App. 4 Cir. 2/3/99), 731 So.2d 319, 326. The detaining officers must have knowledge of specific, articulable facts, which, if taken together with rational inferences from those facts, reasonably warrant the stop. State v. Dennis, 98-1016 p. 5 (La.App. 4 Cir. 9/22/99), 753 So.2d 296, 299; State v. Keller, 98-0502 p. 2 (La.App. 4 Cir. 3/10/99), 732 So.2d 77, 78. In reviewing the totality of the circumstances, the officer’s past experience, training and common sense may be considered in determining if his inferences from the facts at hand were reasonable. State v. Cook, 99-0091 p. 6 (La.App. 4 Cir. 5/5/99), 733 So.2d 1227, 1231; State v. Williams, 98-3059 p. 3 (La.App. 4 Cir. 3/3/99), 729 So.2d 142, 144. The reputation of an area is an articulable fact upon which an officer can rely and which is relevant in the determination of reasonable suspicion. State v. Richardson, 575 So.2d 421 (La.App. 4th Cir.1991), writ denied, 578 So.2d 131 (La.1991).
Deference should be given to the experience of the officers who were present at the time of the incident. State v. Ratliff, 98-0094 p. 3 (La.App. 4 Cir. 5/19/99), 737 So.2d 252, 254, writ denied, 99-1523 (La.10/29/99), 748 So.2d 1160.
At the hearing on the motion to suppress, Officer Scheurmann testified:
... we observed ... the [defendant] ... walking in the middle of the street in violation of municipal code which prohibits walking in the street where there are sidewalks provided.
| sThat fact, coupled with the reputation of the area, the fact that I know through my own experience in the area of narcotics interdiction that suspects often loiter in the street for purposes of criminal activity, decided to stop and interview the defendant.
La.C.Cr.P. art. 215.1(B) provides for a limited frisk for weapons during an investigatory stop:
When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
The officer need not be absolutely certain that the person is armed, but the officer must be warranted in his belief that his safety or that of others is in danger. State v. Smith, 94-1502 p. 5 (La.App. 4 Cir. 1/19/95), 649 So.2d 1078, 1082. It is clear that an officer may make a protective search of the suspect for his own safety and the safety of others. State v. Davis, 92-1623 (La.5/23/94), 637 So.2d 1012, cert. denied, Davis v. Louisiana, 513 U.S. 975, 115 S.Ct. 450, 130 L.Ed.2d 359 (1994).
When questioned about his decision to frisk the defendant, Officer Scheurmann responded:
As we approached him — as he was now at the — what would be the uptown lake corner of the intersection with another subject — he appeared real nervous, fidgety. Because of the time of night, the reputation of the area, how nervous he appeared, I decided to conduct a protective pat-down search for my own protection.
Lin State v. Harris, 99-1434 (La.App. 4 Cir. 9/8/99), 744 So.2d 160, this court reviewed and upheld the legality of a stop based upon an individual’s walking in the street rather than the sidewalk. In Harris, officers observed the defendant walk *678 ing in the early morning hours in an area known for drug violations and residence burglaries. In Harris, as in this case, the defendant was violating the municipal code by walking in the middle of the street, when there was a sidewalk adjacent to the street. The officers stopped the defendant and began questioning him. Upon conducting a pat down search, one officer observed a crack pipe sticking out from one of the defendant’s shoes. The officers arrested him for possession of drug paraphernalia and issued citations to him for walking in the street when a sidewalk is provided, public intoxication, and giving a false address. This court reversed the trial court’s granting the motion to suppress, finding the initial stop valid on the basis of the municipal violations. In addition, this court deemed the frisk justified for safety reasons because of the lateness of the hour, the reputation of the area and the possibility drugs or alcohol impaired the defendant.
Based on Officer Scheurmann’s testimony and the Harris case, the initial stop was legal. The officers found themselves in an area known for drug activity, in the middle of the night, stopping the defendant for a municipal code violation.[2] Considering the lateness of the hour and the location of the stop, as well as the |7defendant’s nervous appearance and the fact that he was with another subject, the officer’s concern for his safety justified the frisk.
However, unlike the Harris case, which entailed a “plain view” seizure of contraband, in this case, the contraband was not visible. Other than the “plain view” exception, the only other possible exception to the warrant requirement which would validate a seizure would be the “plain feel” exception recognized in Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). Under Dickerson, when a police officer lawfully pats down a suspect’s clothing for weapons and feels an object whose contour or mass makes its identity immediately apparent to be contraband, there has been no invasion of the suspect’s privacy beyond that already authorized by the officer’s search for weapons. In State v. Denis, 96-0956 pp. 8-9, 691 So.2d at 1300, this court set forth the requirements of the “plain feel” exception:
[E]vidence discovered during a lawful investigatory frisk may be seized under the “plain feel” exception to the warrant requirement, as explained in Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). However, just as the “plain view” doctrine requires that an object’s incriminating character be immediately obvious when seen, the “plain feel” doctrine requires the tactile discovery of “an object whose contour or mass makes its identity immediately apparent.” Dickerson at 375, 113 S.Ct. at 2137, 124 L.Ed.2d at 346. Thus, in State v. Parker, 622 So.2d 791 (La.App. 4th Cir.), writ denied, 627 So.2d 660 (1993), the seizure of a matchbox containing cocaine detected during a pat-down search was found not to fall within the “plain feel” exception because there was no evidence that a matchbox’s shape was identifiable as contraband. In contrast, in State v. Stevens, 95-501 (La.App. 5th Cir. 3/26/96), 672 So.2d 986, the seizure of drugs in a matchbox detected during a lawful pat-down was upheld because the officer testified that her prior experience indicated that most *679 street-level crack dealers carried their drugs in a matchbox. Similarly, where testimony establishes that an object detected during a pat-down was immediately identifiable as a “crack pipe,” suppression of the cocaine residue contained within the pipe is not required. State v. Lavigne, 95-0204 at p. 9, 675 So.2d at 778; State v. Livings, 95-251 pp. 5-6 (La.App. 3d Cir.11/15/95), 664 So.2d 729, 733, writ denied, 95-2906 (La.2/28/96), 668 So.2d 367.
In this case, Officer Scheurmann testified that he discovered the contraband when he frisked the defendant:
... as I patted the general area of his buttocks, I felt an object, which I immediately recognized without manipulating it to be a small packet of crack cocaine.
In State v. Johnson, 94-1170 p. 7, (La.App. 4 Cir. 8/23/95), 660 So.2d 942, 948, writs denied, 95-2331 (La.2/2/96), 666 So.2d 1092 and 95-3044 (La.2/2/96), 666 So.2d 1105, this court found the seizure of a rock of crack cocaine justified under the “plain feel” exception based upon the officer’s testimony that when he felt the rock-like substance during the pat-down frisk, he immediately believed the substance to be crack cocaine. See also, State v. Lavigne, 95-0204 (La.App. 4 Cir. 5/22/96), 675 So.2d 771, writ denied, 96-1738 (La.1/10/97), 685 So.2d 140. The seizure of the cocaine in this case clearly falls within the “plain feel” exception to the warrant requirement. Thus, the seizure was legal, and the trial court did not err by denying the defendant’s motion to suppress the evidence.
This assignment of error is without merit.

CONCLUSION

For the foregoing reasons, the defendant’s conviction and sentence are hereby affirmed.
AFFIRMED.

. Section 154-1607(a) of the Municipal Code of the City of New Orleans provides:
Where a sidewalk is provided, il shall be unlawful for any pedestrian to walk along and upon an adjacent roadway.

. Under cross-examination, defense counsel questioned Officer Scheurmann’s treatment of anyone found walking in the street:
Q. And it would be fair to say that you don't write citations to every person that you see in the street; is that right?
A. Well, it varies. I'd have to give you an explanation of that. The answer would probably be no. I don’t write it to everybody. When we're targeting an area where we’ve had a rise in crime, as we had in this area, with the property crime and the ongoing drug problem. When we're operating in the zero tolerance mode then, yes. We would take enforcement action if I observed that violation.
Q. So if you had patted down Wilfred Francois and he didn’t have any contraband on him you would still have ticketed him for walking across the street?
A. Yes, sir.