ROLAND L. BELSOME, Judge.
|,The appellant was charged with one count each of simple burglary and attempted simple burglary of an inhabited dwelling. He pled not guilty to both charges. Subsequently, the district court denied the defense motions to sever the charges and to include a responsive verdict of trespass in its jury instructions. Thereafter, a jury found appellant guilty of simple burglary and attempted unauthorized entry of an inhabited dwelling.
Motions for new trial and for post-verdict judgment of acquittal were denied. Appellant was then sentenced to serve eight years at hard labor on the simple burglary conviction and to serve three years at hard labor on the attempted simple burglary of an inhabited dwelling conviction, to run concurrently. The state filed a multiple bill of information relative to the simple burglary count, and the district court adjudicated him a fourth felony offender. After vacating the previous sentence imposed, the district court resen-fenced appellant pursuant to La. R.S. 15:529.1 to serve twenty years at hard labor, to run concurrently.[1] Appellant’s motion to reconsider sentence was denied; his motion for appeal was granted.
|2On appeal the defendant through counsel assigns the following errors: 1.) the evidence is insufficient to establish that the appellant had the specific intent to enter an inhabited dwelling so as to sustain the verdict for attempted unauthorized entry into an inhabited dwelling; 2.) the evidence is insufficient to establish that the appellant entered the structure at 2900 Wall Boulevard without authorization or that he had the intent to commit a theft or other felony inside the duplex undergoing remodeling; 3.) the trial court erred in denying the motion to sever; and 4.) the trial court erred in refusing to charge the jury with the responsive verdict of trespass. Additionally, the appellant filed a pro se brief on the responsive verdict of trespass being presented to the jury.
Appellant’s first two assignments of error are directed to the sufficiency of the evidence. The trial began with testimony on count one of the bill of information, simple burglary. The structure burglarized on April 1, 2010, was the downstairs apartment of a residential building located at 2900-2902 Wall Boulevard; the downstairs portion of the building was unoccupied. Incia Hernandez and her family lived in the upstairs portion of the building.
*578 Mrs. Hernandez, with the assistance of a Spanish interpreter, stated that she and her husband, Lorodo, were asleep in their bedroom.[2] Her brother was sleeping in the living room. Sometime between 1:00 and 2:00 a.m., her brother knocked on the bedroom door and told them that someone was downstairs. Mrs. Hernandez could hear someone moving around tools that were being used by her husband and the owner of the property, Jose Manuel, to renovate the downstairs. Some of the (.¡tools were owned by her husband, and the other tools were owned by Mr. Manuel. Lorodo spoke some English, so he called 911, and the police arrived within five minutes of the phone call.[3] The person was still downstairs when the police arrived. Mrs. Hernandez identified appellant in court as the man she observed being apprehended by the police. She also stated that appellant did not have permission to be in the downstairs portion of the building.
Officers Cortez, Thomassie, and Morrison arrived on the scene at the same time. Officer Cortez shone a spotlight at the building, and he observed appellant through a metal screen door in the downstairs portion of the building; appellant was placing things on the floor at the front door. As Officer Cortez approached the front door, he saw power tools lying at the front door. He also observed that appellant had a crowbar in his right hand.
Appellant was ordered to reveal his hands and to unlock the screen door. He dropped the crowbar, revealed his hands, but he would not unlock the door. Instead, he began slowly backing away from the screen door. As Officers Cortez and Morrison kept appellant engaged, Officer Thomassie entered the house through a window where the burglar bars had been pried open and the plexiglass window removed. Officer Thomassie snuck up behind appellant and was able to subdue him. The officers confirmed that no one else was in the downstairs portion of the building, and Mrs. Hernandez testified that she did not see anyone leave from downstairs before the officers arrived. Crime lab technicians were called to the scene to take photographs of the building and of the tools lying near the front |4door. The tools were then released to Mr. Manuel. The content of the photographs was identified by Mrs. Hernandez and the officers at trial.
In the second count of the bill of information, appellant was charged with attempted simple burglary of an inhabited dwelling. The attempted burglary occurred on May 2, 2010 at 3400 Wall Boulevard. The house that is located there is occupied by Gustavo Romero and his son. The house is surrounded by a six-foot wooden fence; within the fence in the backyard is a shed.
Mr. Romero testified that between 1:30 and 2:00 a.m., he heard his son talking loudly in the backyard so he got out of bed to investigate. In the backyard, his son was holding a man against the fence with a machete. His son told him to call the police.[4] Officers Dupart and Ard responded to the call.
Mr. Romero stated that the man tried to break into one of the windows on the shed, where Mr. Romero kept lawn equipment.
*579 Officer Dupart saw that a screen on the window of the shed was broken. Appellant was identified in court by Mr. Romero as the man he saw being held by his son and apprehended by the police. Mr. Romero testified that appellant did not have permission to be in his yard.
In State v. Brown, 2003-0897, p. 22 (La.4/12/05), 907 So.2d 1, 18, the Court set forth the standard for determining a claim of insufficiency of evidence:
When reviewing the sufficiency of the evidence to support a conviction, Louisiana appellate courts are controlled by the standard enunciated in Jackson v. Virginia, 448 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under this standard, the appellate court “must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a | .^rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt.” State v. Neal, 00-0674 (La.6/29/01), 796 So.2d 649, 657 (citing State v. Captville, 448 So.2d 676, 678 (La.1984)).
When circumstantial evidence is used to prove the commission of the offense, La. R.S. 15:438 requires that “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” Neal, 796 So.2d at 657. Ultimately, all evidence, both direct and circumstantial must be sufficient under Jackson to prove guilt beyond a reasonable doubt to a rational jury. Id. (citing State v. Rosiere, 488 So .2d 965, 968 (La.1986)).
See also State v. Sykes, 2004-1199 (La.App. 4 Cir. 3/9/05), 900 So.2d 156.
The appellant asserts that the evidence failed to establish that he had the specific intent to enter an inhabited dwelling so as to sustain the verdict for attempted unauthorized entry into an inhabited dwelling. In the alternative, he argues that the law is not clear as to whether a shed that is not connected to a residence can be considered part of an inhabited dwelling.
This Court in State v. Chairs, 99-2908, pp. 8-9 (La.App. 4 Cir. 2/7/01), 780 So.2d 1088, 1094-95, discussed the elements the state must prove to support a conviction for simple burglary:
Defendant was convicted of simple burglary of an inhabited dwelling which is the unauthorized entry of any inhabited dwelling, house, apartment, or other structure used in whole or in part as home or place of abode by a person having the intent to commit a felony or theft therein. La. R.S. 14:62.2. Specific criminal intent is an essential element of the crime of simple burglary of an inhabited dwelling. State v. Richardson, 547 So.2d 749, 751 (La.App. 4 Cir.1989). Specific criminal intent is that state of mind that exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow from his act or failure to act. La. R.S. 14:10(1).
In addition, La. R.S. 14:27 defines an attempt in pertinent part:
LA. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
Appellant’s argument is predicated on the fact that Mr. Romero did not actually see appellant attempting to break into the shed. Instead, he argues that Mr. Romero only saw his son holding appellant against *580 the fence with a machete. However, his argument lacks merit because it ignores the testimony of Mr. Romero which stated that the appellant was attempting to break into the shed, and Officer Dupart’s observation that the screen to the shed’s window was broken. Also, appellant was in Mr. Romero’s fenced yard without permission between 1:30 and 2:00 in the morning. Though the evidence against appellant was circumstantial, this court has affirmed convictions for burglary where the entry or attempted entry into the structure is proven solely through circumstantial evidence. See State v. Smith, 2006-0318 (La.App. 4 Cir. 11/21/06), 946 So.2d 218.
Insofar as appellant argues that the law is not clear as to whether a shed that is not connected to a residence can be considered part of an inhabited dwelling, other cases have found a garage and a utility shed attached to the garage to be a part of an inhabited dwelling. See State v. Harris, 470 So.2d 601 (La.App. 1 Cir.1985), where the court found a garage, a utility shed, and a carport to be a part of an inhabited dwelling, noting: “The carport and utility room were certainly part of the inhabited dwelling.” Id. at 603. Likewise, in State v. Segue, 92-2426, p. 4 (La.App. 4 Cir. 5/17/94), 637 So.2d 1173, 1176, this court found a garage to be part of an inhabited dwelling for purposes of unauthorized entry of an inhabited dwelling,
17stating: “Thus, if a structure is used as a home, a person may not enter any part of that structure without authorization.” (emphasis supplied) See also State v. Martin, 2007-0791 (La.App. 4 Cir. 10/17/07), 970 So.2d 9, where this court found a screened room that was not under the roof line to be a part of an inhabited dwelling.
Here, the shed was located just outside the main residence and was within the fence that surrounded the residence. Thus, based upon the cases cited above, the fact that the shed was not attached to the main residence would not make it any less a part of Mr. Romero’s home.
In conclusion, the state provided sufficient evidence to prove beyond a reasonable doubt that appellant was guilty of attempted unauthorized entry of an inhabited dwelling when viewed in a light most favorable to the prosecution.
The appellant also asserts that the evidence presented by the state was purely circumstantial and was insufficient to prove simple burglary.
The elements of simple burglary are: (1) an unauthorized entry; (2) into a dwelling, vehicle, watercraft, or other structure, moveable or immoveable; (3) with the intent to commit a felony or theft therein. La. R.S. 14:62. See State v. George, 2001-1061 (La.App. 4 Cir. 3/13/02), 829 So.2d 440; State v. Williams, 96-1276 (La.App. 4 Cir. 4/9/97), 693 So.2d 204. “Specific intent may be inferred from the circumstances and actions of the defendant.” State v. Riley, 2008-1102, p. 9 (La.App. 4 Cir. 4/24/09), 10 So.3d 1232, 1237. See also State v. Williams, 2005-0459 (La.App. 4 Cir. 1/18/06), 925 So.2d 567. Likewise, flight by a defendant is one element that can be considered as circumstantial evidence of specific intent. State v. Patterson, 459 So.2d 714 (La.App. 4 Cir.1984).
IsAppellant also argues that the state failed to establish that he entered the structure without authorization because neither the owner of the property, Mr. Manuel, nor Lorodo, who was helping with the renovations on the downstairs apartment, testified at trial. He notes that Mrs. Hernandez could not testify with any certainty whether either man had given him permission to be in the downstairs apartment overnight. However, appellant ignores the fact that testimony established that the burglar bars were removed from *581 one of the windows. Mrs. Hernandez testified that the burglar bars were in place when she went to bed that evening and that the officers saw that they had been removed from the window. Further, Lo-rodo clearly did not give appellant permission to be downstairs; he called the police. Appellant’s failure to comply with the officer’s order to unlock the door and his attempt to back away from the police are also indicative of guilt: his actions suggest that he would have attempted to flee had he not been surprised by Officer Thomas-sie. Thus, the jury reasonably inferred that appellant did not have permission to be in the downstairs apartment.
Appellant additionally argues that the state failed to prove that he had the intent to commit a theft upon entry to the downstairs apartment. Contrary to his assertions, testimony at trial established that appellant had the requisite intent to commit a theft therein. Specifically, the officers observed appellant carrying items to the front door and laying them on the floor. The items were identified by the officers only seconds later as power tools. Officer Thomassie actually observed appellant with a power saw in his left hand. His actions and his failure to fully cooperate with the police clearly imply that he intended to remove the power tools from the downstairs apartment had he not been interrupted.
|9In sum, the state sufficiently proved that appellant entered the downstairs apartment without authorization and that he intended to commit a theft therein.
Next, the appellant asserts that the trial court erred by denying the motion to sever.[5] Specifically, he argues that he was prejudiced because the joinder of the offenses was utilized to infer a criminal disposition not established by the evidence.
La.C.Cr.P. art. 493 authorizes the joinder of two or more offenses.[6] However, if the defendant or the State is prejudiced by the joinder “the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires.” The trial court’s decision to sever or not is reviewed under an abuse of discretion standard. State v. Brooks, 541 So.2d at 804 (citing State v. Williams, 418 So.2d 562, 564 (La.1982)). When considering a motion to sever, the trial court must weigh the possibility of prejudice to the defendant against the important considerations of economical and expedient use of judicial resources. “In determining whether joinder will be prejudicial, the court should consider the following: (1) whether the jury would be confused by the various counts; (2) whether the jury would be able to segregate the various charges and evidence; (3) whether the defendant would be confounded in presenting his various defenses; (4) whether the crimes charged would be used by the jury to infer a criminal disposition; and (5) whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile.” Id. 110(quoting State v. Washington, 386 So.2d 1368, 1371 (La.1980)). Moreover, there is no prejudicial effect from joinder of two offenses when the evidence of each is rela *582 tively simple and distinct, so that the jury can easily keep the evidence of each offense separate in its deliberations. Brooks, 541 So.2d at 805.
Here, the evidence of the two offenses was relatively simple and distinct. The state presented the evidence from the simple burglary count first with its set of witnesses; the exhibits introduced by the state were published to the jury at the close of the state’s case on that count. It then presented its evidence as to the attempted simple burglary of an inhabited dwelling count utilizing a different set of witnesses. The only witness to testify as to both counts was the assistant communications supervisor that authenticated the 911 tapes; however, there is nothing to show that the supervisor’s testimony confused the jury.
There is also no evidence suggesting that appellant was “confounded” in presenting a defense, that is, that he wished to testify on one count but not on the other, and was effectively prevented by the joinder from testifying at all. See State v. Feeback, 414 So.2d 1229 (La.1982). Nor is there anything in the record to suggest that the state joined the offenses to show appellant’s criminal propensity or that the jury became hostile because of the joinder. As such, it does not appear that the district court abused its discretion by denying the motion to sever. See State v. Lewis, 2003-1284 (La.App. 4 Cir. 6/2/04), 876 So.2d 912 (one count of attempted armed robbery, one count of armed robbery, and two counts of attempted second degree murder arising out of two separate incidents); State v. Lee, 99-1404 (La]App.n 4 Cir. 5/17/00), 764 So.2d 1122 (two counts of armed robbery committed with a gun in the same area within three weeks).
A defendant bears a heavy burden of proving prejudicial joinder of offenses, and he must make a clear showing of prejudice. Lewis, supra. Here, appellant has not met that burden.
Lastly, appellant, pro se and through counsel, asserts that the district court erred in refusing to charge the jury with the responsive verdict of trespass as to count two, attempted simple burglary of an inhabited dwelling.[7]
La.C.Cr.P. art. 814 lists particular responsive verdicts but does not list any responsive verdicts for attempted simple burglary of an inhabited dwelling. Pursuant to La.C.Cr.P. art. 815, in all cases not provided for in La.C.Cr.P. art 814, the responsive verdicts are (1) guilty; (2) guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or (3) not guilty.
In State v. Simmons, 422 So.2d 138 (La.1982), the court stated that “if any reasonable state of facts can be imagined wherein the greater offense is committed without perpetration of the lesser offense, a verdict for the lesser cannot be responsive.” In Simmons, the defendant was charged with and convicted of attempted simple burglary of a pharmacy, a violation of La. R.S. 14:62.1.[8] La.C.Cr.P. art. 814 did not list any statutory responsive verdicts for attempted burglary of a pharmacy. On appeal, defendant claimed the trial court had erred in failing to give a requested special charge listing criminal trespass *583 as a responsive | ^verdict.[9] The Supreme Court found that the offense of attempted burglary could conceivably be accomplished by a person who does not enter upon the premises — the entry upon any building or dwelling structure immovable property being a necessary element of then La. R.S. 14:63.10. The court cited an example of a person armed with burglary tools, coupled perhaps with other evidence concerning his purpose, who approaches an entrance or is found standing next to a window. The court held that, because the greater offense of attempted burglary could possibly be committed without the perpetration of criminal trespass, that lesser offense was not truly a lesser and included offense.
Like Simmons, here, appellant was convicted of attempted burglary. Thus, trespass is not a lesser and included offense, and the district court did not err by failing to charge the jury with the responsive verdict of trespass.[10]
Accordingly, the defendant’s convictions and sentences are affirmed.
AFFIRMED

. A review of the record reveals a patent error in appellant’s sentence. Under La. R.S. 14:27 and 14:62.2, a person convicted of attempted simple burglary of an inhabited dwelling must serve six months of his or her sentence without benefit of parole, probation or suspension of sentence. In the present case, the district court failed to state that six months of appellant’s sentence must be served without benefits. Though the district court failed to restrict benefits. La. R.S. 15:301.1(A) self-activates the correction and eliminates the need to remand for a ministerial correction of the sentence. State v. Williams, 2000-1725 (La. 11/28/01), 800 So.2d 790. No other patent errors were found.

. Lorodo was in Mexico at the time of trial.

. The 911 tape was played for the jury after being authenticated by Andrea Taylor, an assistant communications supervisor with the New Orleans Police Department

.The 911 tape was played for the jury; this tape was authenticated by the same assistant communications supervisor, Andrea Taylor.

. Defense counsel moved to sever the offenses just before voir dire began.

. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial. La. C.Cr.P. art. 493.

. The motion was made following the close of voir dire. (T. 9/29/10 199-202).

. La. R.S. 14:62.1 the "unauthorized entry” of any building, warehouse, physician’s office, hospital, pharmaceutical house, or other structure used in whole or in part for the sale, storage and/or dispensing of controlled dangerous substances.

. In 1978, La. R.S. 14:63.10(A)(c) proscribed the offense of criminal trespass in the parish of Caddo as the unauthorized and intentional entry upon any building, dwelling, structure, watercraft or movable, whether or not the same is posted or closed. The currently applicable statute throughout the state, La. R.S. 14:63, defines criminal trespass as: A. No person shall enter any structure, watercraft or movable owned by another without express, legal, or implied authorization; B. No person shall enter upon immovable property owned by another without express, legal or implied authorization.

. Appellant argues that the Louisiana Supreme Court has found that trespass is a responsive verdict to the offense of unauthorized entry of an inhabited dwelling citing, State v. Simmons, 2001-0293 (La.5/14/02), 817 So.2d l6. However, as the state correctly argues, he was not charged with unauthorized entry but with simple burglary.