CRAIN, J.
The defendant, Lionel Richardson, was found guilty of second degree murder and sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence. He appeals, raising a single assignment of error that the trial court erred in denying his motion for a mistrial. We affirm.
FACTS
On August 18, 2007, the defendant and two other men went to the home of Byron Williams to rob him. After Williams invited them inside, the three men attacked and beat him, bound his hands and feet with zip-ties, placed his body under a bed, then started a fire, leaving Williams to die in the burning house. The defendant fled to Mexico with one of his accomplices, where he was apprehended and extradited back to Louisiana.
The defendant was charged with second degree murder and pled not guilty and not guilty by reason of insanity. The defendant's defense was that he was insane at the time of the offense because psychosis from untreated schizophrenia and post-traumatic stress disorder prevented him from distinguishing right from wrong. The jury rejected the defense and convicted the defendant as charged.[1]
MOTION FOR MISTRIAL
The sole issue on appeal is whether the trial court committed reversible error in denying the defendant's motion for mistrial based on the expert testimony of Dr. David Hale.
During the state's presentation of its case, Dr. Hale testified that he was retained *1203 by the court to evaluate both the defendant's competency to stand trial and his sanity at the time of the offense. Dr. Hale interviewed the defendant twice and formed an opinion regarding the defendant's ability to distinguish right from wrong. Dr. Hale recommended that the defendant be sent to a hospital for treatment to attempt to establish his competency to stand trial. That treatment lasted approximately three months. Thereafter, Dr. Hale re-examined the defendant regarding "the sanity part."
After answering questions regarding the medical records he reviewed, the colloquy between the prosecutor and Dr. Hale continued:
Q. What else, other than those medical records and the interview, did you do, in taking into consideration, in formulating your opinion, as to his sanity, at the time and the commission of this crime?
A. I had some contact with his family members. There were phone calls that I made to his mother and to his grandmother. Most of the content of them dealt with his previous history that had little to do with his sanity, at the time of the offense.
Q. Can you go through, basically, what was your finding? After the review of all of that, and those interviews and his interview?
A. My finding was that [the defendant] was, was sane, at the time of the offense.
The defendant contends the trial court committed reversible error in denying his motion for mistrial because the expert's testimony violated Louisiana Code of Evidence article 704, which pertinently provides that "in a criminal case, an expert witness shall not express an opinion as to the guilt or innocence of the accused." The defendant argues that the testimony "was a direct opinion as to [the defendant's] guilt." We disagree, finding that the premise of the defendant's argument, that an opinion that the defendant is "sane" is an opinion of guilt, is legally incorrect under Louisiana law.
A fundamental tenet of our legal system is that every criminal defendant is presumed innocent until proven guilty beyond a reasonable doubt. A criminal defendant is also presumed sane until his sanity is rebutted by a preponderance of the evidence. See La. Const. art. 1, § 16 ; La. R.S. 15:432. "Insanity" is an affirmative defense by which a criminal defendant seeks to exempt himself from criminal responsibility. State v. Branch , 99-1484 (La. 3/17/00), 759 So.2d 31, 32 (per curiam ). However, under Louisiana law, sanity or insanity is not the equivalent of guilt or innocence. In fact, Louisiana does not recognize a plea of "guilty, but insane" or "guilty, but mentally ill." La. Code Crim. Pro. art. 552 ; Branch , 759 So.2d at 32. When a defendant enters a plea of "not guilty and not guilty by reason of insanity" he does not concede guilt. The state maintains the burden of proving the defendant's guilt beyond a reasonable doubt and only after it meets that burden does the fact finder determine "insanity."[2] Branch , 759 So.2d at 32.
Article 704 allows an expert to render an opinion to assist the fact finder in understanding the evidence or determining a factual issue. State v. Sharp , 35,714 (La. App. 2 Cir. 2/27/02), 810 So.2d 1179, 1196, writ denied , 02-1736 (La. 6/6/03), 845 So.2d 1081. "Insanity" is a question of fact. See *1204 State v. Williams , 01-0944 (La. App. 1 Cir. 12/28/01), 804 So.2d 932, 942, writ denied , 02-0399 (La. 2/14/03), 836 So.2d 135. To rebut the presumption of sanity and establish his insanity, the defendant must prove not just that he suffered from a mental disease or defect, but, by a preponderance of the evidence, that he suffered from a mental disease or defect that prevented him from distinguishing right from wrong with reference to the conduct in question. La. R.S. 14:14 ; La. Code Crim. Pro. art. 652 ; State v. Williams , 07-1407 (La. 10/20/09), 22 So.3d 867, 875, cert. denied , 560 U.S. 905, 130 S.Ct. 3278, 176 L.Ed.2d 1184 (2010). Thus, while expert testimony addressing whether the defendant was "insane," that is, whether he could distinguish right from wrong at the time of the offense, embraces an ultimate issue to be decided by the fact finder, such testimony does not violate Article 704. See State v. Butler , 563 So.2d 976, 983-84 (La. App. 1 Cir.), writ denied , 567 So.2d 609 (La. 1990) ; State v. Birdsong , 452 So.2d 1236, 1242-43 (La. App. 2 Cir.), writ denied , 457 So.2d 1200 (La. 1984). Instead, it is evidence the fact finder may accept or reject in considering the defense of "insanity." See State v. Griffin , 14-0730, 2015 WL 303519, pp. 3-6 (La. App. 1 Cir. 1/22/15) (describing, in a trial where the defendant pled not guilty and not guilty by reason of insanity, the testimony of experts as to whether the defendant was sane or insane, and, in light of the deference afforded the jury's acceptance or rejection of witness testimony, finding the jury's guilty verdict to be entirely reasonable); State v. Daniels , 09-1661, 2010 WL 8971104, p.3 (La. App. 4 Cir. 1/20/10), writ denied , 10-0284 (La. 2/4/11), 56 So.3d 987 ("Even though expert testimony is relevant to the issue of whether a defendant is insane, the ultimate issue is for the jury to decide, and it may decide that the defendant is sane despite expert opinion that he is not"); State v. Johnson , 43,935 (La. App. 2 Cir. 2/25/09), 3 So.3d 697, 701 ("Expert testimony is relevant to the issue of whether a defendant is insane, but even where experts opine that the defendant is insane the issue is for the jury to decide").
The expert opinion testimony at issue, that the defendant was "sane" at the time of the offense, did not violate Article 704 ; therefore the defendant's motion for mistrial was properly denied.[3] We note that the trial court nonetheless admonished the jury that it was the fact finder on the issue of the defendant's sanity and should formulate its own finding based on the totality of the evidence. Further, in its closing instructions, the trial court again informed the jury that it should base its decision on all the evidence presented, including the expert testimony. See La. Code Crim. Pro. art. 921 ("A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused"); State v. Ducre , 01-2778 (La. 9/13/02), 827 So.2d 1120, 1120-21 (per curiam ) (finding no reversible error where, after testimony by a police officer that the defendant possessed a "distribution amount" of cocaine, the jury was admonished that it, not the witness, remained the ultimate finder of fact).
The defendant's conviction is affirmed.
*1205 SENTENCE
The mandatory punishment for committing second degree murder is life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. La. R.S. 14:30.1B. In sentencing the defendant, the trial court failed to specify that the sentence was to be served at hard labor. We correct the trial court's error of omitting this mandatory provision by amending the defendant's sentence to provide that it be served at hard labor. We order the trial court to correct the minute entry and the defendant's commitment order accordingly. As amended, the defendant's sentence is affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED WITH INSTRUCTIONS FOR CORRECTION OF THE MINUTE ENTRY AND COMMITMENT ORDER.
Pettigrew, J. concurs
Guidry, J. Dissents and assigns reasons.

Michael Pennington was separately convicted of second degree murder of the victim and sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence. This court affirmed his conviction and sentence. State v. Pennington , 12-0804, 2013WL596151 (La. App. 1 Cir. 2/15/13).

The trial court instructed the jury accordingly, informing the jury that if it found beyond a reasonable doubt the defendant committed the offense (or a lesser offense), it must then determine whether the defendant was insane when the offense was committed.

Our conclusion here does not conflict with this court's decision in Butler , wherein this court found that Article 704 prohibited questions worded to elicit legal conclusions by experts on factual issues. The precedential authority of Butler is limited to its ruling on the wording of the particular questions under consideration, rendering the court's speculation regarding the propriety of hypothetical answers purely dicta. Even so, we note that the hypothetical answer the Butler court speculated would be objectionable was whether the defendant was "legally sane," which is distinguishable from the testimony at issue in this case.