**STATE OF LOUISIANA**       *       **NO. 2021-KA-0060**

**VERSUS**       *

      **COURT OF APPEAL**

**BRENNEN D. LARK**       *

      **FOURTH CIRCUIT**

      *

      **STATE OF LOUISIANA**

**\* \* \* \* \* \* \***

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 540-673, SECTION "C"
Honorable Benedict J. Willard, Judge
\* \* \* \* \* \*
**Judge Rosemary Ledet**
\* \* \* \* \* \*

(Court composed of Judge Rosemary Ledet, Judge Tiffany G. Chase, Judge Dale
N. Atkins)

Ellyn Julia Clevenger
ATTORNEY AT LAW
1115 Moody Avenue
Galveston, TX 77550

      COUNSEL FOR DEFENDANT

Jason Rogers Williams, DISTRICT ATTORNEY
G. Benjamin Cohen, CHIEF OF APPEALS
Brad Scott, ASSISTANT DISTRICT ATTORNEY
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 S. White Street
New Orleans, LA 70119

      COUNSEL FOR THE STATE OF LOUISIANA

           **APPEAL CONVERTED TO WRIT;**
           **WRIT GRANTED; RELIEF DENIED**

           **July 7, 2021**

This is a criminal case. The defendant, Brennen D. Lark, seeks review of the district court's rulings finding Mr. Lark not guilty by reason of insanity and ordering Mr. Lark's conditional release subject to supervised probation.  We find the district court's rulings are not appealable. Nevertheless, we convert the appeal to an application for supervisory writ, grant the writ, but deny relief.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

On March 28, 2018, the State charged Mr. Lark by bill of information with four counts of stalking,[2] two counts of cyberstalking,[3] and three counts of filing false public records.[4] Mr. Lark hired the victim, an attorney, and her law firm to represent him and a business partner in forming a company in November 2015. In May 2016, the victim and her law firm terminated their representation of Mr. Lark. Between November 2017 and January 2018, Mr. Lark appeared at the law

---

[1] Given the procedural posture of this case, the facts recited in this opinion are taken from the arrest warrant affidavit and testimony by a victim.

[2] La. R.S. 14:40.2.

[3] La. R.S. 14:40.3.

[4] La. R.S. 14:133.

1

firm on multiple occasions behaving erratically and demanding to see the victim, despite being asked to leave and not return. During this same period, Mr. Lark repeatedly called, emailed, and faxed the law firm, often using false names to disguise himself. Similarly, Mr. Lark impersonated employees of the law firm while contacting local judges' chambers and the law firm's clients and attempted to schedule meetings with the law firm's clients. Mr. Lark also altered the law firm's Google listing to list his own address as the law firm's address and used the victim's name and forged signature on corporate filings to reinstate his business.

At his arraignment, Mr. Lark pled not guilty to all counts but subsequently amended his plea to a combined plea of not guilty and not guilty by reason of insanity. In turn, the district court appointed a sanity commission. At Mr. Lark's September 11, 2018 competency hearing, Dr. Richard Richoux, a psychiatric expert appointed to the sanity commission, testified.[5] At the conclusion of the hearing, the district court found Mr. Lark was competent to stand trial.

Following the district court's competency finding, Mr. Lark filed a motion to appoint Dr. Thomas Fain, a forensic psychologist, to evaluate Mr. Lark's sanity at the time of the alleged offenses. In his report, Dr. Fain opined that Mr. Lark "was laboring under a state of mental disorder at the time of [the] alleged offenses. . . . It is more likely than not, that Mr. Lark's decisional ability to discern right from

---

[5] Dr. Rafael Salcedo was also appointed to the sanity commission. The State and Mr. Lark stipulated that Dr. Salcedo's testimony would have been the same as Dr. Richoux's testimony had he been called to testify at the competency hearing.

wrong was impaired by delusional thinking and poor impulse control due to the manic element of the mood disorder of a Bipolar nature, aggravated by the ingestion of methamphetamine."

On February 12, 2019, the district court held a hearing on Mr. Lark's sanity at the time of the charged offenses. The court-appointed experts, Dr. Richoux and Dr. Salcedo, submitted a written report to the district court agreeing with Dr. Fain's opinion and recommending the district court find Mr. Lark legally insane at the time of the alleged offenses. After reviewing the reports of the three mental health experts, the district court found Mr. Lark was insane at the time of the alleged offenses.

Following the insanity hearing, Mr. Lark filed several motions, including a motion to suppress. In the motion to suppress, Mr. Lark argued that the State's documentary evidence included communications between the victim and Mr. Lark that are protected by the attorney-client privilege. The record contains no ruling by the district court on the motion to suppress.

The case came for trial on July 19, 2019.[6] During these proceedings, the State represented to the district court that "[defense] counsel is stipulating to the facts of the allegation[s] and the State is stipulating to the findings of her [defense counsel's] doctors. . . . It is a verdict that we are essentially coming to with her [defense counsel's] fact stipulation and my [the State's] stipulation to the findings of her doctors." Thereafter, the district court found Mr. Lark not guilty by reason

---

[6] Mr. Lark waived his right to a jury trial.

of insanity, noting twice that its finding was "pursuant to the stipulations between the parties" and the law outlined in La. C.Cr.P. art. 558.1.

Immediately after the district court found Mr. Lark not guilty by reason of insanity, the district court sentenced Mr. Lark to one year suspended, one year of active probation, and a $500.00 expense payment on each charge of stalking and cyberstalking, and three years suspended, three years active probation, and a $500.00 expense payment on the charges of filing false public records. The district court ordered all sentences to run concurrently.

On August 8, 2019, the district court held a hearing, pursuant to La. C.Cr.P. art. 654, to determine whether Mr. Lark could be completely discharged or released, subject to probation, without danger to others or to himself. Based on the testimony of the forensic experts, the district court found that Mr. Lark was not a danger to himself or others and released him subject to three years of supervised probation. At this hearing, the district court found that imposing a sentence was improper considering its verdict that Mr. Lark was not guilty by reason of insanity; instead, the district court replaced its earlier sentence with an order for conditional release and three years of supervised probation, which required Mr. Lark to continue receiving psychiatric treatment and medication. This appeal followed.

## JURISDICTION

As a threshold matter, the State contends that this Court does not have jurisdiction over this appeal, citing *State v. Everette*, 505 So.2d 133, 134 (La. App. 4th Cir. 1987), in which this Court held that a not guilty by reason of insanity

4

verdict is not an appealable judgment and converted the matter to an application for supervisory writ.[7] Accordingly, we convert Mr. Lark's appeal to an application for supervisory writ.

## ERRORS PATENT

The record contains one error patent. The record does not contain a minute entry reflecting the trial court's commitment orders. However, the record does contain the commitment transcript. Considering the transcript, and that Mr. Lark has not assigned any error regarding the absence of the minute entry reflecting the commitment, any error with regard thereto is harmless. *See State v. Francois*, 00-1039, p. 2 (La. App. 4 Cir. 1/10/01), 778 So.2d 673, 676.

## DISCUSSION

Mr. Lark assigns three errors for our review: (1) the district court erred in finding Mr. Lark not guilty by reason of insanity because the State did not prove his guilt beyond a reasonable doubt and Mr. Lark did not knowingly and voluntarily enter a plea of not guilty by reason of insanity; (2) the district court erred in remanding Mr. Lark to the custody of the Louisiana Department of Corrections, Division of Probation and Parole; and (3) the district court erred in denying Mr. Lark's motion to suppress evidence protected by the attorney-client

---

[7] After *Everette*, however, the Louisiana Supreme Court held that "an insanity acquittee may appeal the basis of his or her continued confinement in the custody of the state on any ground available to any other defendant in a criminal case, although he or she has not been 'convicted' of a criminal offense." *State v. Branch*, 99-1484, p. 2 (La. 3/17/00), 759 So.2d 31, 32. Although Mr. Lark's liberty is restricted while under supervised probation, Mr. Lark's supervised probation period does not amount to the "continued confinement in the custody of the state" appealable under *Branch*.

privilege. Mr. Lark's third assignment of error was not preserved for our review.[8]

Accordingly, we limit our discussion to Mr. Lark's first two assignments of error.

*Assignment of Error Number One*

In his first assignment of error, Mr. Lark argues that the district court erred in finding him not guilty by reason of insanity. In support, he cites the State's failure to prove each and every element of the charged offenses beyond a reasonable doubt and Mr. Lark's failure to enter a knowing and voluntary plea. The State responds that the district court had the authority to adjudicate Mr. Lark not guilty by reason of insanity without a trial. The State emphasizes that Mr. Lark's stipulation to the allegations against him relieved it of its burden to prove Mr. Lark's guilt beyond a reasonable doubt. We agree.

By statute "[t]he court may adjudicate a defendant not guilty by reason of insanity without trial, when the district attorney consents and the court makes a finding based upon expert testimony that there is a factual basis for the plea." La. C.Cr.P. art. 558.1. The record reflects that the district court complied with La. C.Cr.P. art. 558.1 in adjudicating Mr. Lark not guilty by reason of insanity.

At the July 19, 2019 trial, the State's counsel represented to the district court that the State was stipulating to the uncontroverted findings of the three psychological/psychiatric experts, Dr. Fain, Dr. Richoux, and Dr. Salcedo. The

---

[8] The record is devoid of any indication that the district court heard or ruled on Mr. Lark's motion to suppress. Thus, this issue was not preserved for our review. *See State v. Walton*, 06-2553, p. 1 (La. 6/1/07), 957 So.2d 133, 134 (observing that, "[a]s a general rule, counsel's failure to obtain a ruling on the merits would constitute an abandonment of the motion"); *see also State v. Wagster*, 361 So.2d 849, 856 (La. 1978) (observing that "it is ordinarily incumbent upon the proponent of a motion to move for a hearing date on that motion. Otherwise it may be considered that the motion has been abandoned.").

State's counsel also informed the district court that Mr. Lark, through counsel, agreed to stipulate to the State's factual allegations of the charged offenses. Based on the State's stipulation to the testimony of the three experts coupled with Mr. Lark's stipulation to the State's factual allegations of the charged offenses, the district court found Mr. Lark insane at the time of the charged offenses and rendered a verdict of not guilty by reason of insanity.

Although Mr. Lark disputes stipulating to the factual allegations against him, the record reflects otherwise. During the trial, the State's counsel informed the district court of the parties' reciprocal stipulation agreement, as follows:

> [Defense] counsel is stipulating to the facts of the allegation[s] and the state is stipulating to the findings of her [defense counsel's] doctors. And therefore pursuant to that particular code again, [La. C.Cr.P. art.] 558.1 . . . It is a verdict that we are essentially coming to with her [defense counsel's] stipulation and my stipulation to the findings of her [defense counsel's] doctors.

The district court responded: "I've got it. Pursuant to the stipulations, as well as the law outlined in Article 558.1 of Code of Criminal Procedure the court finds the defendant not guilty, not guilty by reason of insanity at the time of the offense. And that's pursuant to the stipulation between the parties."

The record reflects that Mr. Lark's counsel was present throughout this colloquy between the district court and the State's counsel, and she made no objection to the State's counsel's representations concerning the parties' reciprocal stipulations. Likewise, Mr. Lark's counsel did not object to the district court adjudicating Mr. Lark not guilty by reason of insanity based on the stipulations of the parties. Moreover, during a discussion between Mr. Lark's counsel and the

7

district court during the August 8, 2019 hearing, the district court noted that Mr. Lark, his counsel, and the State had stipulated to the cyberstalking charge. Though Mr. Lark's counsel noted that Mr. Lark was not convicted and that he did not admit guilt, she did not dispute that Mr. Lark stipulated to the State's allegations against him.

Thus, even if Mr. Lark did not affirmatively stipulate to the State's allegations, by failing to object to the purported stipulation, Mr. Lark acquiesced to the stipulation. *See State v. Simmons*, 00-35, p. 4 (La. App. 5 Cir. 7/25/00), 767 So.2d 860, 862. We, therefore, find that Mr. Lark stipulated to the factual allegations of the State's charges against him.

Mr. Lark also contends that La. C.Cr.P. art. 558.1 allows the district to adjudicate a defendant not guilty by reason of insanity only after the defendant is found guilty of each element of the charged offenses beyond a reasonable doubt, citing in support *State v. Richardson*, 16-0440, p. 4 (La. App. 1 Cir. 1/25/18), 241 So.3d 1201, 1203. In light of the reciprocal stipulations of the parties, however, Mr. Lark's reliance on *Richardson* is misplaced.

In *Richardson*, the defendant pled not guilty and not guilty by reason of insanity. After a full trial, at which the defendant disputed the State's factual allegations and the State disputed the defendant's insanity at the time of the offense, the jury found the defendant guilty. In affirming the conviction, the court of appeal explained the proper procedure for trial of a defendant who has pled not guilty by reason of insanity, observing that "[w]hen a defendant enters a plea of

8

'not guilty and not guilty by reason of insanity' he does not concede guilt. The state maintains the burden of proving the defendant's guilt beyond a reasonable doubt and only after it meets that burden does the fact finder determine 'insanity.'" *Id*. (citing *Branch*, 99-1484, p. 2, 759 So.2d at 32). Unlike *Richardson*, Mr. Lark stipulated to the State's allegations of the charged offenses against him; and the State stipulated to the psychiatric experts' findings that Mr. Lark was insane at the time of the charged offenses. The reciprocal stipulations obviated the need for either a trial, or proof beyond a reasonable doubt, of the State's charges, or a trial of Mr. Lark's insanity plea.

In further support of his first assignment of error, Mr. Lark argues that, even assuming he stipulated to the State's allegations against him, the district court should have undertaken a colloquy to establish that the purported stipulation was made knowingly and voluntarily. Mr. Lark thus equates his stipulation to an unconditional guilty plea subject to constitutional protections under *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In this case, however, the due process concerns at issue in *Boykin* are lacking. Mr. Lark's dual plea of not guilty and not guilty by reason of insanity does not amount to an unconditional plea of guilty. *See State v. Clark*, 02-1463, p. 37 (La. 6/27/03), 851 So.2d 1055, 1082. Mr. Lark argued at trial that he was not responsible by reason of insanity, a defense on the merits. *See Branch*, 99-1484, p. 2, 759 So.2d at 32. Regardless of the stipulation, the dual plea afforded Mr. Lark the opportunity to

establish an exemption from criminal culpability. *See Clark*, 02-1463, p. 37, 851 So.2d at 1082.

Further, Louisiana courts have consistently upheld stipulations entered into by a defendant and his defense counsel, and the State. *See State v. Fabacher*, 362 So.2d 555, 558 (La. 1978); *State v. Henry*, 352 So.2d 643, 648 (La. 1977); *State v. Harris*, 470 So.2d 601, 603 (La. App. 1st Cir. 1985); *State v. Wry*, 591 So.2d 774, 780 (La. App. 2d Cir. 1991); *State v. Hall*, 47,564, p. 12 (La. App. 2 Cir. 12/12/12), 108 So.3d 188, 196-97. Indeed, criminal trials conducted wholly or partially based on stipulations, although rare, are not unheard of or impermissible in Louisiana and do not entitle defendants to the constitutional protections set forth in *Boykin*. *See Hall*, 47,564, p. 12, 108 So.3d at 195-96; *Harris*, 470 So.2d at 603; *State v. Owens*, 501 So.2d 968, 972 (La. App. 2d Cir. 1987).

Given the reciprocal stipulations by the parties and the district court's authority under La. C.Cr.P. art. 558.1, we find Mr. Lark's first assignment of error unpersuasive.

***Assignment of Error Number Two***

In his second assignment of error, Mr. Lark argues that the district court erred in ordering him to undergo supervised probation for three years, because the district court found he was not dangerous to himself or others.[9] We disagree.

---

[9] In his brief, Mr. Lark notes that the district court originally referred to its supervised probation order as a sentence. Mr. Lark argues that the district court erred in imposing a sentence because, as an insanity acquittee, he is not susceptible to a criminal sentence. While the district court initially referred to its order imposing supervised probation as a sentence, the court later corrected its error, stating, "[l]et the Record also reflect that if the Record says that there's a sentence in this matter, that's improper."

The district court's options for commitment, probation, or discharge of a defendant found not guilty by reason of insanity are set forth in La. C.Cr.P. art. 654, which provides in pertinent part:

> When a defendant is found not guilty by reason of insanity in any other [non-capital] felony case. . . . If the court determines that the defendant can be discharged or released on probation without danger to others or to himself, the court shall either order his discharge, or order his release on probation subject to specified conditions for a fixed or an indeterminate period.

Thus, if, as here, the district court determines that a non-capital insanity acquittee is not a danger to others or to himself, La. C.Cr.P. art. 654 gives the district court discretion to order the defendant's discharge or to order his release on probation subject to specified conditions.[10] We therefore find no error in the district court's order releasing Mr. Lark subject to three years of supervised probation with specified conditions pertaining to his mental health.

Mr. Lark argues that the district court's probation order violates his constitutional due process rights, citing in support *Foucha v. Louisiana,* 504 U.S. 71, 77, 112 S.Ct. 1780, 1784, 118 L.Ed.2d 437 (1992), and *State v. Perez,* 94-0130 (La. 1/27/95), 648 So.2d 1319.[11] The *Foucha* and *Perez* cases, however, addressed insanity acquittees who were actually confined to mental institutions after it was determined that they were not a danger to themselves or others. Moreover, the defendants in those cases never sought complete release; rather, those defendants

---

[10] The official revision comment (c) to Article 654 further explains that "[t]he authorization for long-range probation is desirable so that the defendant will be subject to careful supervision until the court is satisfied that he is not likely to revert to his former mental condition."

[11] Mr. Lark does not directly attack the constitutionality of La. C.Cr.P. art. 654; instead, he suggests that the district court's order for conditional release and supervised probation implicates his due process rights. Regardless, Mr. Lark is precluded from challenging the constitutionality of La. C.Cr.P. art. 654 by his failure to properly plead and raise a constitutional challenge in the district court. *See State v. Hatton,* 07-2377, p. 13 (La. 7/1/08), 985 So.2d 709, 718 (citing *Vallo v. Gayle Oil Co.,* 94-1238, p. 8 (La. 11/30/94), 646 So.2d 859, 864-65).

argued that they were entitled under La. C.Cr.P. art. 654 to be released on supervised probation.

Mr. Lark is not subject to actual confinement. Thus, the liberty restraints at issue in the *Foucha* and *Perez* cases are not at issue here. Moreover, Mr. Lark's supervised probation is not indefinite; and the conditions imposed on Mr. Lark during his probationary period are aimed at ensuring he does not revert to his previous mental condition. We are unaware of any authority, including *Foucha* and *Perez*, prohibiting a district court from imposing supervised probation under these circumstances, and we find no abuse of the district court's discretion.

We find Mr. Lark's second assignment of error unpersuasive.

## DECREE

For the foregoing reasons, we convert Mr. Lark's appeal to an application for supervisory writ, grant the writ, but deny relief.

**APPEAL CONVERTED TO WRIT; WRIT GRANTED; RELIEF DENIED**

12